■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL CATTI, Appellant.— Appeal by defendant (1) from a judgment of the Supreme Court, Queens County, rendered January 12, 1973, convicting him of attempted possession of a dangerous drug in the fourth degree, upon his plea of guilty, and imposing sentence, and, (2) by permission, from an order of the same court, dated February 8, 1973, denying, after a hearing, his motion to vacate

the judgment (CPL 440.10). Judgment and order modified, on the law and as a matter of discretion in the interest of justice, to the extent of reversing the sentence; as so modified, judgment and order affirmed; and case remanded to the Criminal Term for resentence in accordance with the views expressed herein. There was sufficient evidence presented at the hearing held on defendant's post-conviction application to justify the conclusion that he could, and did, reasonably rely on the Assistant District Attorney's representations made during the plea bargaining negotiations regarding sentence recommendations. The general policy expressed by the prosecutor was to refrain from making any such recommendations, and, while the record is not entirely clear, it appears that a promise to so refrain was made in this case. In any event, no indication was given during the negotiations that defendant's case would in any manner constitute an exception to the stated general policy and this policy was violated when, at sentencing, a recommendation of the maximum permissible sentence was made. Under these circumstances, we remand the case to the Criminal Term for resentencing before a different Judge (cf. *Santobello* v. *New York,* 404 U. S. 257). No sentence recommendation should be made by the prosecutor at the resentencing. In view of the fact that defendant has at no time protested his innocence, we do not deem it necessary to allow him to withdraw his guilty plea. Gulotta, P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.