■ In the Matter of CROSSMAN CADILLAC, INC., Appellant, v BOARD OF ASSESSORS et al., Respondents.—In a proceeding pursuant to article 7 of the Real Property Tax Law, petitioner appeals from an order of the Supreme Court, Nassau County, entered April 27, 1976, which denied its motion for summary judgment. Order affirmed, without costs or disbursements. The narrow and only issue in this proceeding is whether petitioner has incorporated, as a part of its real estate, the communications system mentioned and described in its petition (see *Matter of Crystal v City of Syracuse, Dept. of Assessment,* 47 AD2d 29, affd 38 NY2d 883). The trial of this proceeding should be limited to that issue (see CPLR 3212, subd [g]). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.

■ In the Matter of RUTH MAMMON, Respondent, v JACOB MAMMON, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Nassau County, entered April 26, 1976, which, after a hearing, directed him to pay petitioner (1) $25 per week for support and (2) $5 per week toward arrears resulting from his failure to make support payments which were ordered before he was granted a judgment of separation in the Supreme Court, Queens County, on the ground of petitioner's cruel and inhuman treatment, and in which judgment no provision for support was made. Order reversed, on the law, without costs or disbursements, and proceeding dismissed. No fact findings have been considered. Section 236 of the Domestic Relations Law specifically precludes an award of support to a wife where there had been proof of misconduct by her which would constitute grounds for a separation or divorce (see *Hessen v Hessen,* 33 NY2d 406, 410–411; *Math v Math,* 39 AD2d 583, affd 31 NY2d 693). This is so even though the wife is a recipient of public assistance or liable to become in need thereof (see *Mellen v Mellen,* 46 AD2d 790). On the question of arrears in support payments which accumulated prior to the 1975 judgment of separation in favor of the husband, we are of the view that the judgment of separation superseded and served to abate the outstanding Family Court support order and all arrears due thereunder. Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.