■    In the Matter of METROPOLITAN BANK OF SYRACUSE, Appellant, v DEPARTMENT OF ASSESSMENT OF CITY OF SYRACUSE, Respondent.—Order unanimously modified in accordance with memorandum and, as modified, affirmed without costs. Memorandum: Under section 102 (subd 12, par [d]) of the Real Property Tax Law respondent increased petitioner's real property assessment in the sum of $20,000, because petitioner installed and used: (1) a silent alarm system, including surveillance cameras, an R.C.A. teletype machine and a telecopier machine; and (2) a vault alarm system. Those alarm systems were installed 10 years ago but respondent only recently decided to tax them. Petitioner instituted this proceeding for a determination that such property is not taxable under that section of the law. The basis of respondent's action in adding those items of property to the assessment was the fact that each was connected to the lines of the New York Telephone Company of which petitioner is a subscriber, and respondent assumed that that made them taxable just as they would be taxable if owned by a telephone company (see *Matter of New York Tel. Co. [Canough]*, 290 NY 537; *People ex rel. Holmes Elec. Protective Co. v Chambers,* 1 Misc 2d 990, affd 285 App Div 886, affd 1 NY2d 760; *Matter of New York Tel. Co. v Ferris,* 257 App Div 415, affd 282 NY 667). The teletype and telecopier machines are owned by the telephone company and leased to petitioner at a monthly rental. The surveillance cameras for the silent alarm system are movable, and their only connection with telephone company lines is that they are activated by the same button which an employee may push to signal an alarm to the Public Safety Building. Since the silent alarm cameras are detachable and the teletype and telecopier machines are not owned by petitioner, Special Term declared that they are not taxable under section 102 (subd 12, par [d]) of the Real Property Tax Law, and we agree (see *Matter of Crystal v City of Syracuse,* 47 AD2d 29, affd on opn of Simons, J., 38 NY2d 883). With respect to the vault alarm system, however, Special Term reached the contrary conclusion, and with that we disagree. The vault alarm is connected to the Public Safety Building by the same telephone line as is the silent alarm system. Four boxes owned by petitioner are used in connection therewith, and each is less than a cubic foot in size. They contain electric wiring and switches which are connected to the telephone line. Although they are attached to the realty, they can be readily detached by severing the electrical connections and the telephone line to them. Special Term equated this system with that in *Holmes (supra),* which involved the equipment of a company operating an alarm system for several customers (see, also, comment of the Court of Appeals in *Matter of Crystal,* 38 NY2d 883, 885, *supra).* Since the vault alarm system was for petitioner's private use only and consisted of personal property connected to the telephone line in the same manner as the silent alarm system, we find no reason to distinguish the treatment thereof for tax purposes. The assessment on petitioner's real property for the year 1975 should, therefore, also be reduced by the amount added because of the vault alarm system, and, as so modified, the order is affirmed. It follows that the entire $20,000 increase of assessment should be removed from the assessment rolls. (Appeal from order of Onondaga Supreme Court—summary judgment—tax assessment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.