■ In the Matter of CROSSMAN CADILLAC, INC., Respondent, v BOARD OF ASSESSORS et al., Appellants.—In a proceeding pursuant to article 7 of the Real Property Tax Law, the appeal is from a judgment of the Supreme Court, Nassau County, dated April 21, 1977, which, after a hearing, inter alia, granted petitioner's motion for summary judgment and adjudged that appellants' assessment of petitioner-respondent's telephone equipment was erroneous, illegal and void. Judgment affirmed, with costs. No opinion. Margett, J. P., Rabin and Titone, JJ., concur; Mollen, J., dissents and votes to reverse the judgment and confirm the assessments in question, with the following memorandum: I believe that Special Term erred as a matter of law by holding that the communications system which the petitioner had installed in its premises was not taxable within the meaning of section 102 (subd 12, par [d]) of the Real Property Tax Law. Consequently I dissent and vote to reverse. In October, 1976 this proceeding was remanded by this court to Special Term for trial of a limited issue: the "only issue in this proceeding is whether petitioner has incorporated, as a part of its real estate, the communications system mentioned and described in its petition (see Matter of Crystal v City of Syracuse, Dept. of Assessment, 47 AD2d 29, affd 38 NY2d 883)" (Matter of Crossman Cadillac v Board of Assessors, 54 AD2d 762). At the hearing held at Special Term, the evidence disclosed that

petitioner had the following telephonic equipment installed in its premises in 1974:

"26 single line instruments - with touch tone pads
 1 CG19 apparatus cabinet
 1 T3 console with D.S.S.
 10 Truck relays
 2 wall cabinets
 1 Toll divert unit with touch tone receivers
 2 Tone convertors".

The afore-mentioned equipment depended upon the system which was operated by the New York Telephone Company to the extent it utilized the lines and other facilities of the telephone company for the reception of calls originating outside of petitioner's premises or for the transmittal of calls to others from the petitioner's premises. The system was also capable of accommodating intrabuilding communications, without the necessity of utilizing any lines or facilities of the telephone company. At the tax status date of May 1, 1974 the appellants assessed the petitioner's telephonic equipment as taxable real property pursuant to section 102 (subd 12, par [d]) of the Real Property Tax Law. That subdivision provides, in part, as follows: "12. 'Real Property', 'property' or 'land' mean and include: * * * (d) Telephone and telegraph lines, wires, poles and appurtenances; supports and inclosures for electrical conductors and other appurtenances, upon, above and under ground". At the hearing the petitioner's principal witness, Cyrus S. Jullien, testified that he was an owner and representative of Tamcom, Inc. Mr. Jullien testified as to the function of each of the items of telephonic equipment purchased by the petitioner and also as to the manner in which the equipment had been installed in the premises. The actual manner of installing the equipment, as found by Special Term, consisted of: "(1) the bolting to the basement floor of the apparatus cabinet which weighs some seven to eight hundred pounds; (2) the fastening of cables to stairwell members of the structure by wrapping with wires and where cables run along walls they are fastened by the insertion of anchors into the walls to which the cable is secured by plastic wrappers; (3) the cutting of holes in walls to accommodate passage of cables where necessary; (4) the insertion of anchors into walls to which equipment may be held by use of screws." The equipment was installed by two men over a two- to three-day period of time. Mr. Jullien testified that the equipment could be removed from the premises without leaving structural damage. He did concede, however, that the removal would leave screw holes or wall openings through which the cable had been run. The equipment installed cost the petitioner the amount of $16,615.42. If the equipment were resold to the vendor its value would be $4,600. The case of *Matter of Crystal v City of Syracuse, Dept. of Assessment* (47 AD2d 29, affd 38 NY2d 883) is distinguishable both on the facts and the law. In that case the court held that portable plug-in telephones which were owned by the petitioners and used in their law offices were not taxable under section 102 (subd 12, par [d]) of the Real Property Tax Law. The Court of Appeals, in affirming in *Matter of Crystal (supra)*, in a unanimous memorandum decision, stated that (p 885): "the court does not have before it a situation in which the owner of the real estate has incorporated as part of the real estate a telephone or telegraph system." Clearly, the large-scale installation of the telephonic equipment which is the subject of this proceeding is totally dissimilar to the installation of the portable plug-in telephones which were involved in the *Crystal* case. In

summary, the facts clearly disclose that the petitioner's telephone system was incorporated as a part of its real estate and was properly taxed as real property pursuant to section 102 (subd 12, par [d]) of the Real Property Tax Law (cf. *Matter of New York Tel. Co. v Ferris,* 257 App Div 415, affd 282 NY 667; *People ex rel. Holmes Elec. Protective Co. v Chambers,* 1 Misc 2d 990, affd 285 App Div 886, affd 1 NY2d 760).