OPINION OF THE COURT
Memorandum.
Order affirmed, with costs. The privately owned telephone system installed in petitioner’s business premises is not assessable as real property under section 102 (subd 12, par [d]) of the Real Property Tax Law, aimed principally at expanding the definition of real property with respect to utility companies (see Matter of Crystal v City of Syracuse, 47 AD2d 29, 31, affd 38 NY2d 883). The telephone system, which includes 26 telephone instruments, an apparatus cabinet, and 10 trunk relays, is removable without significant injury to the premises and is capable of reinstallation elsewhere. Hence, the movable *965 equipment does not raise the issue reserved in the caveat in Matter of Crystal with reference to systems "incorporated as part of the real estate” (Matter of Crystal v City of Syracuse, 38 NY2d 883, affg 47 AD2d 29, supra; see Matter of Metropolitan Bank of Syracuse v Department of Assessment, 44 NY2d 864, affg on mem at 57 AD2d 1055). If equipment such as that involved in this case should be assessable as real property the remedy is legislative rather than by strained or distortive judicial decisional analysis.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.