OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The nature of plaintiffs business is sufficiently described in
 
 Quotron Systems v Gallman
 
 (39 NY2d 428), which held that it could not be taxed as a utility. A fair reading of
 
 Matter of Crystal v City of Syracuse
 
 (38 NY2d 883, affg 47 AD2d 29),
 
 Matter of Metropolitan Bank of Syracuse v Department of Assessment of City of Syracuse
 
 (44 NY2d 864, affg 57 AD2d 1055) and
 
 Matter of Crossman Cadillac v Board of Assessors of County of Nassau
 
 (44 NY2d 963, affg 60 AD2d 842) is that section 102 (subd 12, par [d]) of the Real Property Tax Law is "aimed principally at expanding the definition of real property with respect to utility companies” (44 NY2d, at p 964) and that otherwise telephone and telegraph equipment will be taxable as realty only if it is " 'incorporated as part of the real estate’ ”
 
 (id.,
 
 at p 965). Bearing in mind the well-settled rule that ambiguities in tax statutes are to be construed most strongly in favor of the taxpayer and against the government
 
 (Quotron Systems v Gallman, supra,
 
 at p 431; McKinney’s Cons Laws of NY, Book 1, Statutes, § 313, subd c), we have held in
 
 Crystal, Crossman
 
 and
 
 Metropolitan Bank
 
 that portable plug-in telephones, movable office telephone systems and portable bank vault alarms are not real property within the meaning of the descriptive phrase of section 102 (subd 12, par [d]) of the Real Property Tax Law: "Telephone and telegraph lines, wires, poles and appurtenances”. While we recognize that
 
 People ex rel. Holmes Elec. Protective Co. v Chambers
 
 (1 Misc 2d 990, affd 285 App Div 886, affd 1 NY2d 760) is closely akin to the instant fact situation, it must be deemed to have been overruled by the later cases referred to above, which refused to recognize as appurtenances to telegraph or telephone lines movable equipment similar to that here involved.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.