584

■ In the Matter of SUPREME BURGLAR ALARM CORP., Appellant, v MARSHALL G. KAPLAN et al., Constituting the Tax Commission of the City of New York, Respondents.—In a proceeding pursuant to article 7 of the Real Property Tax Law, the petitioner appeals from so much of an order of the Supreme Court, Kings County, dated April 27, 1978, as (1) declared that the real property assessments levied against petitioner's property for the tax years 1974-1975, 1975-1976 and 1976-1977, exclusive of the question of the amounts thereof, were legal and (2) ordered that the causes of action for each of the said three years, exclusive of the issue of overvaluation, be dismissed. On July 23, 1979 this court affirmed the order insofar as appealed from (Matter of Supreme Burglar Alarm Corp. v Kaplan, 71 AD2d 658). By order dated December 11, 1979, on petitioner's motion for leave to appeal to the Court of Appeals, we, inter alia, (1) granted reargument, and (2) held the motion for leave to appeal in abeyance. Upon reargument, order reversed insofar as appealed from, on the law, without costs or disbursements, and the assessments in question are declared illegal. Motion for leave to appeal denied as academic. New York City has sought to tax all of petitioner's centrally-monitored alarm systems which it leases to local subscribers, because the Tax Commission alleges that they fall under the legislative definition of real property (see Real Property Tax Law, § 102, subd 12, par [d]). In our view, the imposition of such taxes is precluded by the holding in Matter of Quotron Systems v Irizarry (48 NY2d 795), which overruled People ex rel. Holmes Elec. Protective Co. v Chambers (1 Misc 2d 990, affd 285 App Div 886, affd 1 NY2d 760). Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALFANO, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered May 3, 1979, convicting him of criminal sale of a controlled substance in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. Defendant contends that, inasmuch as he waived his right to be prosecuted by indictment and pleaded guilty to a superior court information charging him with criminal sale of a controlled substance in the third degree, the subsequent indictment, count one of which alleges the same crime, placed him in double jeopardy. Defendant has misapprehended his right to waive prosecution by indictment of a (then) class A felony. He may not waive that right (see CPL 195.10, subd 1, par [b]). The plea to the information was therefore a nullity and jeopardy did not attach (see CPL 40.30; Downum v United States, 372 US 734). The letter to defendant's lawyer dated November 21, 1978 satisfied the obligation of the People to notify the defendant of the Grand Jury proceeding (see CPL 190.50, subd 5, par [a]). Furthermore, as the People note, if defendant felt aggrieved because of lack of notice, there was opportunity to move to dismiss the indictment on that ground following his arraignment upon the indictment (see CPL 190.50, subd 5, par [c]). Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.