■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN COKER, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County, rendered February 15, 1977, convicting him of criminal possession of a weapon in the third degree and criminal possession of stolen property in the second degree, upon his plea of guilty, and sentencing him as a second felony offender to a term of imprisonment of 3½ to 7 years. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed and case remitted to the County Court for resentence in accordance herewith. At the time of the plea the People expressly promised as part of the bargain that they would take no position with respect to an appropriate sentence. In contravention of this agreement, the prosecutor recommended at the time of sentencing that the maximum authorized term be imposed. On appeal the People concede that this was error (see *People v Harrison*, 46 AD2d 665; *People v Catti*, 43 AD2d 958). While we find no impropriety on the part of the sentencing Judge, under the circumstances of the case the matter should be remitted to the County Court for resentence before another Judge at which time no sentence recommendation should be made by the prosecutor (see *People v Harrison, supra; People v Catti, supra).*

The court also erred in failing to impose sentence on each count upon which defendant stood convicted and in failing to specify upon which count the sentence was imposed (see CPL 380.20). Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.