### (June 17, 1982)

■  AFA PROTECTION SYSTEMS, INC., et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant. — Order, Supreme Court, New York, New York County (Nadel, J.), entered November 30, 1981, denying the plaintiff's motion for partial summary judgment and defendant's cross motion for summary judgment, modified, on the law, by declaring that plaintiffs need not pay a 5% feé on real estate taxes, by dismissing the counterclaims pro tanto, and as modified, otherwise affirmed, without costs. After Special Term's order the city refunded the real estate taxes paid by plaintiffs upon the alarm systems installed in their clients' premises. (Matter of Quotron Systems v Irizarry, 48 NY2d 795; Matter of Supreme Burglar Alarm Corp. v Kaplan, 75 AD2d 584, affd 53 NY2d 660.) The plaintiffs are now returning those real estate tax refunds to their clients. Since there are no real estate taxes to be passed along by plaintiffs to their clients, the plaintiffs cannot possibly be responsible for any 5% fee on that item under section 487e-2.0 (subd a, par 1) of the Administrative Code of the City of New York and the Board of Estimate resolution passed thereunder (Cal No. 51, adopted Jan. 23, 1975). With regard to the other items in dispute, the phrase "gross receipts" in the controlling Board of Estimate resolution is very ambiguous. Extrinsic evidence should be adduced at trial to throw light upon the Board of Estimate's intent in passing that resolution and in using that specific phrase. (McKinney's Cons Laws of NY, Book 1 Statutes, § 120, p 242.) The question of whether a 5% fee is due on the other items in dispute should await trial. At that time, the court may also

846

consider whether the plaintiffs are entitled to refunds because of overpayments made to the city. Concur — Murphy, P. J., Lupiano, Fein, Lynch and Asch, JJ.