THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ALLEN T. BUTLER, Appellant.

Fourth Department, November 4, 1983

**APPEARANCES OF COUNSEL**

*Richard E. Regan* for appellant.

*Howard R. Relin, District Attorney* (*Michael Nelson* of counsel), for respondent.

## OPINION OF THE COURT

MOULE, J.

This appeal concerns the constitutionality of a felony conviction for driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 5). Defendant contends that reversal is required because subdivision 5 of section 1192 of the Vehicle and Traffic Law is an unconstitutional bill of attainder (US Const, art I, § 10) and, also, that his conviction is void because it violated the double jeopardy provision of the Federal Constitution (US Const, 5th, 14th Amdts).

On February 12, 1980 the defendant was stopped in Henrietta and charged by simplified traffic information with driving while intoxicated (D.W.I.) (Vehicle and Traffic Law, § 1192, subd 2). His blood alcohol test registered .19 of 1%. Defendant was mistakenly charged with a misdemeanor D.W.I. because his license failed to show an October 12, 1978 conviction for this same offense. On March 11, 1980 defense counsel sent a Henrietta Town Justice a letter enclosing a signed traffic information and stating that his client pleaded guilty to a misdemeanor charge of D.W.I. The Grand Jury, however, on May 15, 1980 indicted the defendant for violating subdivision 5 of section 1192 of the Vehicle and Traffic Law, a felony. After Special Term denied defendant's motion to dismiss the indictment as constitutionally defective, he pleaded guilty[1] to one count of felony driving while intoxicated and was sentenced to five years' probation.

Defendant's first contention is that subdivision 5 of section 1192 of the Vehicle and Traffic Law is an unconstitutional bill of attainder (US Const, art I, § 10).[2] Subdivision 5 of section 1192 provides: "A violation of subdivisions two, three or four[3] of this section shall be a misdemeanor

---

1. Defendant's guilty plea does not extinguish his right to challenge the constitutionality of his conviction (*People v Lee,* 58 NY2d 491; *People v Di Raffaele,* 55 NY2d 234).

2. The Constitution prohibits both the Federal Government (art I, § 9) and the States (art I, § 10) from passing bills of attainder. The nature and scope of the bill of attainder doctrine is identical under both sections (see, e.g., *Cummings v Missouri,* 4 Wall [71 US] 277; *United States v Brown,* 381 US 437; *United States v Lovett,* 328 US 303).

[3]. Subdivisions 2, 3 and 4 of section 1192, respectively, prohibit persons from driving with blood alcohol content of .10% or greater, while intoxicated under common-law standards, or while on drugs.

and shall be punishable by imprisonment in a penitentiary or county jail for not more than one year, or by a fine of not less than three hundred fifty dollars nor more than five hundred dollars, or by both such fine and imprisonment. A person who operates a vehicle in violation of subdivisions two or three of this section after having been convicted of a violation of subdivisions two or three of this section, or of driving while intoxicated, within the preceding ten years, shall be guilty of a felony, and shall be punished by a fine of not less than five hundred dollars and such other penalties as are provided in the penal law."

■ Defendant asserts that the bill of attainder clause is violated because the statute enhances the misdemeanor D.W.I. penalty to a felony upon a second conviction within 10 years without judicial process, other than proof of the previous conviction, only to those individuals who are prior D.W.I. misdemeanants. Defendant's argument misconstrues the nature and scope of the bill of attainder doctrine.

A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon a named individual or easily ascertained members of a group without the protection of a judicial trial (*Nixon v Administrator of Gen. Servs.*, 433 US 425, 468-469; *United States v Brown*, 381 US 437, 448-449). Defendant's argument fails to recognize that the potential pool of D.W.I. misdemeanants, and, therefore, potential D.W.I. recidivists, is unlimited. As such, the statute does not impermissibly focus on an "identifiable group" but, rather, sets forth a rule of general applicability (see, e.g., *United States v Ilacqua*, 562 F2d 399, 404-405 [CA6th] [rejected challenge to section 3575 of title 18 of the United States Code, authorizing imposition of enhanced sentence against dangerous special offenders; held, statute does not attaint because it singles out one individual for punishment but, rather, operates as a prohibition of general application]; *Westmoreland v Chapman*, 268 Cal App 2d 1, 5 [upholding a statute requiring suspension of those refusing to submit to a sobriety test; held, the statute did not apply to a certain individual nor to a narrowly defined group, but to all licensed drivers]).

The defendant's argument that the statute is a bill of attainder also rests, in part, upon the premise that subdivi-

sion 5 of section 1192 of the Vehicle and Traffic Law provides insufficient judicial process to support a felony conviction. This premise is faulty, however, because both the initial misdemeanor and the subsequent felony conviction are predicated upon a judicial adjudication of guilt based on an objective legal standard (see, e.g., *People v Lawrence,* 390 Ill 499, 504-505, cert den 326 US 731 [bill of attainder challenge to Illinois habitual criminal statute; held, that the law does not punish without trial because a person's prior conviction is merely a matter of aggravation going solely to the punishment to be imposed]; *Hamilton v Indiana ex rel. Van Natta,* 163 Ind App 342, 344, 345 [challenge to State law depriving habitual traffic offenders of their drivers' licenses; held, no attainder because deprivation occurred only after repeated convictions]).

The argument that the statute unconstitutionally creates a "special category" of drunk drivers, an "inescapable class" of adjudicated felons, is also misplaced. A statute regulating conduct, which the State has a legitimate interest in regulating, is not a bill of attainder if it objectively imposes burdens on the basis of future characteristics or activities which an individual has the ability to change or avoid (see *United States v Brown,* 381 US 437, 450-452, *supra; Communist Party v Control Bd.,* 367 US 1). A second D.W.I. conviction leading to felony sanctions can be avoided simply by not drinking and driving. "However expansive the prohibition against bills of attainder, it surely was not intended to serve as a variant of the equal protection doctrine, invalidating every Act of * * * the States that legislatively burdens some persons or groups but not all other plausible individuals. In short, while the Bill of Attainder Clause serves as an important 'bulwark against tyranny,' * * * it does not do so by limiting * * * the choice of legislating for the universe, or legislating only benefits, or not legislating at all" (*Nixon v Administrator of Gen. Servs.,* 433 US 425, 471, *supra*).

*Baldasar v Illinois* (446 US 222), relied on by the defendant, is factually inapposite. In *Baldasar,* the defendant was convicted of a second theft of property worth less than $150. Illinois law provided that this offense was a misdemeanor punishable by not more than a year in prison and a

fine of not more than $1,000, but that a second conviction for the same offense may be treated as a felony with a prison term of one to three years. The Supreme Court held that an indigent defendant's first misdemeanor conviction may not constitutionally be used to convert a subsequent conviction into a felony for which incarceration is imposed where the defendant had not been represented by counsel and had not formally waived any right to counsel at the first trial.

■ Defendant's argument, that *Baldasar* (*supra*) stands for the proposition that the procedural due process attending misdemeanor trials that result in a conviction is insufficient protection to render a recidivist a felon, overstates the scope of the *Baldasar* doctrine. As this court held in *People v Sirianni* (89 AD2d 775), because *Baldasar* was based on Sixth Amendment right to counsel grounds, a misdemeanor D.W.I. conviction could constitutionally serve as a predicate for a felony conviction where the defendant was represented by counsel or was advised of and waived his right to counsel. We thus interpret *Baldasar* as being limited to those cases where the defendant was unrepresented and where he did not intelligently waive counsel. Hence, since defendant does not contend that he was unrepresented during his 1978 D.W.I. conviction, his reliance on *Baldasar* is misplaced.

■ Defendant's second contention is that his plea of guilty is a nullity under the double jeopardy provision of the Federal Constitution. He argues that the letter sent to the Town Justice on March 11, 1980 was equivalent to an accepted plea of guilty, that jeopardy immediately attached and, therefore, the subsequent indictment and plea was a nullity as violating the double jeopardy clause of the Fifth Amendment. This argument is wholly without merit. A guilty plea to a misdemeanor can only be made in person or, with permission of the court, by counsel after filing of the defendant's written subscribed authorization (CPL 220.50, subd 1; 340.20, subd 2). Indeed, the simplified traffic information signed and submitted by the defendant stated, "This form may not be used for misdemeanors." Defendant's attempted plea by mail was a nullity and, therefore, jeopardy did not attach prior to the indictment

and the October, 1980 guilty plea (*People v Barkin,* 49 NY2d 901; cf. *People v Alfano,* 75 AD2d 584 [plea attempted contrary to the Criminal Procedure Law is a nullity; held, jeopardy never attached]).

For the reasons stated, defendant's judgment of conviction should be affirmed.

DILLON, P. J., CALLAHAN, DOERR and O'DONNELL, JJ., concur.

Judgment unanimously affirmed.