OPINION OF THE COURT
Nicholas Coffinas, J.
Defendant stands before the court for sentencing having pleaded guilty to the crime of burglary in the third degree, *894 under superior court information (SCI) 3223-87. With the affirmative recommendation of the People, the court accepted the plea and agreed to sentence the defendant to an indeterminate period of imprisonment of 2 to 4 years. The court has since received a presentence investigation report.
The People have now, however, on the eve of sentence moved to vacate defendant’s superior court information plea on the ground that said plea was taken by this court after the filing of indictment No. 4369-87 charging the defendant with burglary in the second degree, and related crimes stemming from the instant transaction.
Defendant objects to such vacatur and wishes his plea to stand.
People’s motion is denied in all respects.
CPL 195.10 delineates the criteria applicable when dealing with a plea to a superior court information. The People rely on CPL 195.10 (2) (b) in contending that this court lacked the requisite jurisdiction over SCI 3223-87 since prior to the entering of defendant’s guilty plea thereto an indictment had been filed by the Grand Jury charging the defendant with crimes stemming from the same transaction which was the subject of the SCI.
When defendant, however, entered his plea under this valid-on-its-face superior court information it was with the full acquiescence of the People — indeed the instrument itself was prepared by them and they themselves offered the plea to the defendant and then recommended its acceptance by the court. The People evidently were not aware at the time of this plea that one of their Assistant District Attorneys had inadvertently caused the voted indictment against the defendant to be filed.
The People, though, having caused defendant to affirmatively act in reliance on their promises, cannot now be heard to renege on this promise, based solely on the inadvertent act of one of their assistants to which defendant was in no way a party. (See, Santobello v New York, 404 US 257; People v Selikoff, 35 NY2d 227; People v Catti, 43 AD2d 958.) In People v Griffith (43 AD2d 20), the Appellate Division ordered specific performance of defendant’s guilty plea and promised sentence after it reinstated the guilty plea which the trial court had vacated sua sponte due to the Assistant District Attorney’s subsequent discovery that his office had rejected the unconditionally agreed upon plea and sentence.
*895 It is no answer to contend that unlike the situation in Griffith (supra), here the District Attorney’s attempt to renege is based on a jurisdictional defect as has been heretofore enumerated. (See, People v Alfano, 75 AD2d 584.)
In Alfano (supra), unlike the instant case, the jurisdictional defect was manifest and known by all the parties to that plea by a simple reading of the charges contained in the felony complaint. Both at the time of the People’s SCI offer, as well as the actual execution of the SCI, the felony complaint charging a jurisdictional defeating class A felony was in existence. It is clear, however, from the facts of this case that the agreement entered into by the defendant and the People in the AP Part was consummated prior to the filing of the instant indictment. It was only the actual execution of the SCI which occurred subsequent to the filing. Furthermore, it was only the subsequent unilateral act of the Assistant District Attorney in causing the indictment to be filed which resulted in the jurisdictional dilemma in the case at bar. Defendant had in no way contributed to this action.
Just as a defendant’s plea of guilty waives his right to have dismissed a technically defective indictment which could have been cured, so too did the People’s specific and unconditional on-the-record consent to the execution of this SCI and defendant’s reliance thereon waive their right to contest this technical and curable defect (see, People v Cohen, 52 NY2d 584), especially where as here it was the People’s own unilateral act which directly resulted in the technical defect at issue. Since technical mistakes are generally held not to be incurably jurisdictional defects (see, People v Kepple, 98 AD2d 783; People v Di Noia, 105 AD2d 799), so too should this inadvertent filing of the instant indictment not be used as the basis to defeat the clear unambiguous intent of all the parties to this plea — including the court.
Finally, the court notes the substantial prejudice which would inure to the defendant should this plea be vacated, notwithstanding the People’s new offer that defendant plea to the crime of attempted burglary in the second degree under this indictment. Unlike the crime to which defendant pleaded, attempted burglary in the second degree is a violent felony offense as per Penal Law § 70.02. The stigma that attaches to a violent crime and the potential future sentencing ramifications under Penal Law §§ 70.04 and 70.08 are far greater when dealing with "violent felonies” as opposed to nonviolent *896 ones such as the one to which defendant pleaded under the SCI. (See, Gerstein v Pugh, 420 US 103.)
This court holds that under the circumstances here presented the act of filing the indictment was a ministerial one, and not one of substantive jurisdictional magnitude. The court sees no rational basis to conclude that this technically jurisdictional defect cannot easily be cured by either the retroactive dismissal of the indictment or the present dismissal of the indictment with defendant then repleading to the superior court information. In either case, the manifest intent of all parties to this plea will be effectuated with no greater circumvention of the Grand Jury desires as in any situation where the Grand Jury votes an indictment for a specific crime but the People nevertheless permit the execution of an SCI prior to the indictment being actually filed — though the court deplores this practice as it wastes the time and resources of the State, as well as causes the needless inconvenience of complaining witnesses.
The court will thus retroactively dismiss indictment No. 4369-87 in the furtherance of justice as well as to effectuate the spirit of the double jeopardy prohibition as embodied in the Fifth Amendment of the US Constitution and reflected in New York State’s CPL article 40. The People will furthermore be prohibited from withdrawing their consent to this SCI plea. Due process of law can withstand nothing less.