■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY KNICKERBOCKER, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered May 30, 1986, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol, as a felony.

On November 13, 1985, defendant was stopped by police while driving a motor vehicle in Chemung County. A blood alcohol test was administered and defendant tested at .17%. Defendant was indicted in January 1986 for two counts of operating a motor vehicle while under the influence of alcohol, as a felony *(see,* Vehicle and Traffic Law § 1192 [2], [5]). The previous conviction which provided the basis for the felony status of the crime had occurred in November 1978 when

defendant pleaded guilty in City Court of the City of Corning, Steuben County, to driving while intoxicated.

In March 1986, defendant pleaded guilty to the first count of the felony indictment in full satisfaction of the charges against him. He reserved the right, however, to challenge whether the November 1978 conviction could be used to enhance the 1986 charges to felony status. Defendant contended that he had been denied his right to counsel at the time of the 1978 conviction and, thus, that the 1978 conviction could not be used to enhance the instant crime. After conducting a hearing at which testimony was taken from, among others, defendant and the City Court Judge who had presided over the 1978 conviction, County Court concluded that defendant had not been denied the right to counsel at the time of his appearance and plea in 1978. County Court thus determined that the felony status of the current crime had been established. Defendant was sentenced to one year in jail, fined $1,000 and had his driver's license revoked. This appeal followed.

A misdemeanor conviction which was obtained when the defendant was not represented by counsel or had not intelligently waived counsel cannot be used as the basis to enhance a subsequent crime from a misdemeanor to a felony (*Baldasar v Illinois*, 446 US 222; *People v Butler*, 96 AD2d 140, 144). Defendant testified at the hearing that at the time of his 1978 conviction he was earning $93 a week. He stated that when he requested assigned counsel the court told him that the income cutoff for assigned counsel was $90 a week. The Judge who presided over that matter also testified. While he was unable to recall the specific case, he testified to his routine practices. He stated that he would routinely inform a defendant of his rights and make a notation of that on the docket. A review of defendant's docket revealed such a notation. The Judge stated that if assigned counsel was requested, another notation would be made on the docket. No such notation appeared on defendant's docket. He further testified that when assigned counsel was requested he would inquire into the defendant's financial status, with each inquiry being decided on an ad hoc basis. According to the Judge, there was no inflexible cutoff point with regard to income level. He stated that if it appeared close, he would assign counsel. When presented with hypothetical facts reflecting defendant's financial condition in 1978, the Judge testified that he unquestionably would have assigned counsel upon a request by such defendant.

We conclude that County Court's assessment of the facts

and determination that defendant was not denied the right to counsel at the time of his 1978 conviction were proper. Hence, the 1978 conviction properly formed the basis for enhancing the 1986 conviction to the level of a felony.

Defendant's further contention, that the sentence imposed was harsh and should be reduced in the interest of justice, appears to be moot in light of a statement in the record that the sentence has already been served. In any event, there being no extraordinary circumstances or an abuse of discretion, the contention is meritless (see, e.g., *People v. Millington,* 134 AD2d 645, 646).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.