OPINION OF THE COURT
Patrick D. Monserrate, J.
Intervenor-petitioner Nextel Corporation (Nextel) has moved for partial summary judgment (CPLR 3212). By mutual agreement respective counsel designated July 28th as the final submission date for the June 18th motion.
Background
Petitioners Mack Travis and Carol G. Travis (petitioners) are owners of premises at 38 Front Street (tax map No. 318053) in the City of Binghamton (Broome County), which consists of 60 residential apartment units and 11 offices. Nextel, as lessee of a portion of the premises, executed an October 13, 1997 lease agreement and memorandum of agreement pursuant to which it leased “approximately two hundred forty (240) square feet of interior space in the Building and space either adjacent to or on the roof of the Building * * * for the purpose of installing, operating and maintaining a radio communications facility and other improvements” (intervenor’s exhibit A). On November 13th Nextel was issued a permit by the City of Binghamton for the “installation of three panel antenna arrays on existing penthouse and telecommunications equipment in basement” (exhibit B). The installation was completed on April 8, 1998 and became operational in June. The equipment consists of antennae on the roof, two racks in the basement (one bolted to the floor, the other on wheels) containing an enhanced base receiver system, and a coaxial cable connecting the two.
By “Notice of Change of Assessment” dated May 6th petitioners received notice from respondent Assessor Mark A. Minoia of an increase in assessment to the premises for the 1998 tax year from $1,400,000 to $1,940,000 (exhibit C). They have been advised by the respondent that the entire $540,000 increase was due to the installation of the Nextel antenna on the roof. In its determination denying petitioners’ May 25th grievance to the assessment increase, the Board of Assessment Review listed as “additional factors” affecting its determination “Interpretation of Sec 102 sub 93 Real Property Tax Law” (exhibits D, E).
Petitioners then commenced this proceeding pursuant to Real Property Tax Law article 7 for judicial review. Nextel *701 joined as intervenor and now seeks partial summary judgment determining that its equipment is not taxable as real property.
Discussion
Respondent concedes that there is no subdivision (93) in Real Property Tax Law § 102, and that section 102 (12) (d) is inapplicable to Nextel, which is not a “telephone company” as defined by that statute. The parties are in agreement that the relevant statutory reference is section 102 (12) (i).
In determining the legislative intent with regard to paragraph (i) as it now stands, it is instructive to review the history of the statute. Prior to 1985 Real Property Tax Law § 102 defined real property as including telephone and telegraph lines, wires, poles and appurtenances, with the word “appurtenances” broadly construed to include the central office equipment, telephones and other telecommunications property which would otherwise have been classified as personalty under common law AT&T Information Sys. v City of New York, 137 AD2d 7 [1st Dept 1988], affd 73 NY2d 842 [1988]). In 1985 the statute was amended, inter alia, by deleting the word “appurtenances” and defining as realty for taxation purposes “[telephone and telegraph lines, wires, poles, supports and inclosures for electrical conductors * * * and, if owned by a telephone company, central office equipment” (RPTL 102 [12] [d], as amended by L 1985, ch 71, § 2; ch 72). At that same time paragraph (i) was added, including as real property the following: “Telecommunications equipment, which shall mean and include equipment used to provide transmission or switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain, and related equipment necessary to the operation of such equipment or the modification of such signals required by such equipment, and lines, wires, poles, supports and inclosures for electrical conductors upon, above and underground used in connection therewith” (RPTL 102 [12] [i], as added by L 1985, ch 71, § 3).
In 1987 the statute was again amended to read, in relevant part (L 1987, ch 416, § 2):
“12. ‘Real property”, ‘property” or ‘land’ mean [sic] and include [sic] * * *
“(i) When owned by other than a telephone company as such term is defined in paragraph (d) hereof, all lines, wires, poles, supports and inclosures for electrical conductors upon, above and underground used in connection with the transmission or *702 switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain.”
Taxing statutes must not be extended by implication beyond the clear import of the language used, they must be construed most strongly against the government and in favor of the taxpayer, and they must be given a practical construction as an ordinary person reading them would understand (Fairland Amusements v State Tax Commn., 66 NY2d 932 [1985]; Matter of American Cablevision v Jacobs, 101 AD2d 65, 69-70 [4th Dept 1984]). The 1987 amendment eliminated from the definition of taxable realty “telecommunications equipment,” i.e., equipment used for the transmission or switching of electromagnetic voice signals, which is owned by other than a telephone company regulated by the Public Service Commission, and limited such definition to “lines, wires, poles, supports and inclosures for electrical conductors upon, above and underground used in connection with the transmission or switching of* * * signals.” (RPTL 102 [12] [i].)
The sole issue before the court* is whether, as a matter of law, the antennae, cable and receiver equipment installed at petitioners’ premises pursuant to their lease with Nextel is “real property” within the meaning of section 102 (12) (i). More specifically, the issue is whether those items constitute “lines, wires, poles, supports and inclosures for electrical conductors” (RPTL 102 [12] [i]). To the court’s view, they do not.
Respondents argue that the coaxial cable should be construed as “lines” or “wires,” the antennae as “poles” and the racks in the basement as “supports [or] in closures for electrical conductors.” If equipment such as that involved in this case should be assessable as real property “the remedy is legislative rather than by strained or distortive judicial decisional analysis” (Matter of Crossman Cadillac v Board of Assessors, 44 NY2d 963, 965 [1978]; Matter of American Cablevision v Jacobs, supra).
Inasmuch as the equipment is not realty under the statutory scheme, a secondary question arises as to whether it is incorporated as part of the real estate and therefore qualifies as realty under the common law relating to fixtures (Matter of Quotron Sys. v Irizarry, 48 NY2d 795 [1979]). To meet the common-law definition of fixture, the personalty in question *703 must be: (1) actually annexed to real property or something appurtenant thereto; (2) applied to the use or purpose to which that part of the realty with which it is connected is appropriated; and (3) intended by the parties as a permanent accession to the freehold (Matter of Metromedia, Inc. v Tax Commn., 60 NY2d 85 [1983]; see also, Pyramid Centres & Co. v Sarwill Assocs., 186 AD2d 968 [3d Dept 1992]). Some of the property here, i.e., the antennae and one of the receiver system racks, is annexed to the building. However, all of it can be removed without significant injury to the premises and is capable of reinstallation elsewhere (see, Matter of Crossman Cadillac v Board of Assessors, supra). The property is installed for the purpose of carrying on the lessee’s business and not for the purpose of enhancing petitioners’ real estate. Finally, it was not intended by the parties as a permanent accession to the premises. The term of the lease is for five years, with the right to renew, at the lessee’s option, for four successive five-year periods. At paragraph 6 (a) the lease provides that title to Nextel’s facilities shall be held by Nextel and “[a] 11 of Lessee Facilities shall remain Lessee’s personal property and are not fixtures.” The lessee retained the right to remove the property at any time on or before the expiration of the lease.
There is no merit in respondents’ contention that this court lacks jurisdiction over the dispute because petitioners are alleging a violation of the Assessor’s powers, which can only be considered in a CPLR article 78 proceeding. A tax certiorari proceeding brought under RPTL article 7 is the usual method for taxpayers to challenge their property assessment (Matter of Krugman v Board of Assessors, 141 AD2d 175 [2d Dept 1988], appeal withdrawn 73 NY2d 872 [1989]). The grounds specified for RPTL article 7 challenges are “that the assessment to be reviewed is excessive, unequal or unlawful” (RPTL 706 [1]). Petitioners’ claim that the assessment is unlawful is within the purview of the statute.
Conclusion
For the reasons stated the motion of intervenor-petitioner Nextel for partial summary judgment determining that the telecommunications equipment installed on petitioners’ property is not taxable as real property will be granted. Petitioners’ assessment should be reduced accordingly and the appropriate refunds should be paid.

 An initial claim of nonaccess has been resolved by the court’s adjournment of the proceeding to enable respondents to inspect the premises.