OPINION OF THE COURT
James B. Canfield, J.
*724 Petitioner Voicestream Wireless Corporation moves for summary judgment in this Real Property Tax Law article 7 proceeding.
Voicestream bears the initial burden of making a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The sole issue before the court is whether, as a matter of law, what Voicestream describes as “communications equipment” is “real property” within the meaning of Real Property Tax Law § 102 (12) (i). Initially, the court must reject Voice-stream’s argument that Real Property Tax Law § 102 (12) (i) “specifically excluded equipment such as rooftop installations from taxable real property”; it does not. That subdivision includes within the definition of “Real property,” “property” or “land”:
“(i) . . . all lines, wires, poles, supports and inclosures for electrical conductors upon, above and underground used in connection with the transmission or switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain, except that such property shall not include: (A) station connections; (B) fire and surveillance alarm system property; (C) such property used in the transmission of news wire services; and (D) such property used in the transmission of news or entertainment radio, television or cable television signals for immediate, delayed or ultimate exhibition to the public, whether or not a fee is charged therefor.” (RPTL 102 [12].)
There being no specific exclusion of Voicestream’s rooftop installations of “communications equipment,” Voicestream’s initial burden on this motion is to establish that its “communications equipment” does not in fact include “lines, wires, poles, supports and inclosures for electrical conductors upon, above and underground used in connection with the transmission or switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain” (Real Property Tax Law § 102 [12] [i]). Voicestream assiduously avoids addressing the factual issue, but instead attempts to divert attention from that omission with two legal arguments. The first argument is that Voicestream’s “communications equipment” has been exempted from Real Property Tax Law § 102 (12) (i) by the decision in Matter of Travis v *725 Board of Assessment Review of City of Binghamton (183 Misc 2d 699, 702-703 [1999]). The second argument is that Voicestream’s “communications equipment” fits the common-law and Tax Law § 1105 definitions of personalty. The second argument is irrelevant because it does not address the pertinent question of whether the “communications equipment” falls within the Real Property Tax Law § 102 (12) (i) definition of real property.
Travis does not support Voicestream’s motion because Voice-stream has completely failed to demonstrate what its “communications equipment” consists of or to establish that it is identical to the items that Travis considered. Even if it were identical, the Travis decision is not binding on this court (Siegel, NY Prac § 449, at 724 [3d ed]) and the Travis analysis of Real Property Tax Law § 102 (12) (i) is not persuasive. The proper starting point for statutory interpretation is the statutory text, not the historical antecedents of the statute in question. An initial presumption that the statute is ambiguous and that legislative intent must be found outside of the statute ignores the primary rule of statutory analysis. When construing statutes, the starting point is the statutory text, the clearest indicator of legislative intent, and determining whether there is a “plain meaning.” If the words employed by the Legislature have a definite meaning, which involves no absurdity or contradiction, then there is no room for construction and courts have no right to add to or take away from that meaning (Tompkins v Hunter, 149 NY 117, 122-123 [1896]; Matter of Majewski v Broadalbin-Perth Cent, School Dist., 91 NY2d 577 [1998]; McKinney’s Cons Laws of NY, Book 1, Statutes § 92, at 182).
Turning to “lines, wires, poles, supports and inclosures for electrical conductors,” the words employed by the Legislature in Real Property Tax Law § 102 (12) (i), the court applies the basic rule that “[w]ords of ordinary import in a statute are to be given their usual and commonly understood meaning, unless it is clear from the statutory language that a different meaning was intended” (Matter of Drew v Schenectady County, 88 NY2d 242, 246 [1996]). Applying that rule here, the court finds that those words have definite meanings and that the subdivision defines the telecommunications equipment of nontelephone companies as real property unless it falls into one of the specific exceptions. Their equipment is not exempt from taxation simply because they use different terminology, such as “cables” instead of “lines” or “antennae” instead of “poles.” The subdivision puts nontelephone companies on a more equal footing with the *726 telephone companies covered by Real Property Tax Law § 102 (12) (d).
Voicestream’s careful failure to set forth exactly what its “communications equipment” consists of implicitly recognizes that “lines, wires, poles, supports and inclosures for electrical conductors” encompass some or all of its equipment in a way which involves no absurdity or contradiction. Assuming for the sake of the argument that Voicestream had presented affidavits demonstrating that its equipment was identical to that at issue in Travis, the court would find that the statutory words “lines, wires, poles, supports and inclosures for electrical conductors” includes “coaxial cables” as a form of line or wire, “antennae” as a form of pole and even “racks” “containing an enhanced base receiver system” as a support or an inclosure for electrical conductors.
As Real Property Tax Law § 102 (12) (i) provides that those items are real property and may be taxed, there is no need for this court to consider legislative intent further unless the petitioner introduces evidence of a contrary legislative intent. Neither Travis nor Voicestream presents any direct evidence of legislative intent to exempt Voicestream’s communication equipment or “coaxial cable,” “antennae,” and “racks containing a base receiver system” from Real Property Tax Law § 102 (12) (i). Neither refers to a single agency, legislative or Governor’s approval memoranda that supports its position. There is not even a reference to floor debate or a postenactment statement by the Governor (Matter of Majewski v Broadalbin-Perth, Cent. School Dist., supra at 586).
Instead of direct evidence of legislative intent, Voicestream and Travis attempt to deduce a legislative intent. The court is unaware of any precedent permitting courts, in the absence of either statutory ambiguity or direct evidence of legislative intent, to speculate and make deductions based upon textual differences between statutes. In any event, it is noted that Real Property Tax Law § 102 (12) (i) as enacted in 1987 did not repeal or amend the 1985 version as the Travis analysis assumes. The prior Real Property Tax Law § 102 (12) (i) enacted in 1985 expired at the end of 1986 pursuant to Laws of 1985 (ch 71, § 13) and was no longer in effect in July 1987 at the time Laws of 1987 (ch 416, § 2) was enacted. Thus, the second statute was not “changing” the first and no legislative desire to exempt “telecommunications equipment,” “coaxial cable,” “antennae,” and “racks containing a base receiver system” should have been deduced from their absence in the later statute.
*727 Voice stream’s failure to address the factual question of whether its “communications equipment” consists in whole or in part of “lines, wires, poles, supports and inclosures for electrical conductors” requires denial of its motion regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Although it is also unnecessary to consider Voicestream’s reply papers, the affidavits and exhibits belatedly presented by Voicestream contain relevant information and demonstrate why taxpayers should not be exempted from Real Property Tax Law § 102 (12) (i) simply because they use words other than those used by the Legislature when describing their “communications equipment.” The affidavit of Annette M. Tambasco inadvertently demonstrates that Voicestream could not meet its burden of demonstrating that its “communications equipment” falls outside Real Property Tax Law § 102 (12) (i). The Tambasco affidavit reveals the presence of items that clearly fall within the Real Property Tax Law § 102 (12) (i) definition of “real property.” Voicestream’s lease permits it to set up among other things “radio equipment cabinets,” a “pole,” “cables and other transmission lines” (emphasis added). The affidavit of Dianne Love submitted in support of Voicestream’s reply confirms that Voicestream has actually installed a “Cabinet,” six antennas and “pipes” and three DA-inch foam coaxial cables approximately 188 feet in length. Thus, there are “fines, wires, poles, supports and inclosures for electrical conductors.”
Accordingly, Voicestream’s motion for summary judgment is denied with $100 costs.