COLUMBIA OYER AND TERMINER. January 1855. Before *Parker*, Justice of the Supreme Court, and the Justices of the Sessions.

ₗTHE PEOPLE *vs.* GEORGE CÆSAR.

Form of an indictment for petit larceny charged as a second offence.

The statute declaring a second offence of petit larceny to be punishable in the state prison, is not applicable to a case in which the first conviction took place in another state.

And where a defendant pleaded guilty to an indictment charging petit larceny as a second offence, and it appeared by the indictment, that the first offence was committed and the first conviction had in the state of Massachusetts it was held that the defendant could only be punished for simple larceny.

The prisoner was indicted for petit larceny, as a second offence, in the following form:

*State of New York, Columbia County, ss:* The jurors of the people of the state of New York, in and for the body of the county of Columbia, upon their oath and affirmation do present, that at the court of common pleas begun and holden at Lenox within and for the county of Berkshire in the commonwealth of Massachusetts, on the first Monday of January in the year 1853, George Cæsar was indicted for that at Richmond in the said county of Berkshire, on the seventh day of August then last past, in a certain building then and there called and being a dwelling house of one Mary Van Buren, there situate, then and there in the said building, one pair of pantaloons of the value of five dollars, the proper goods and chattels of one Charles M. Van Buren, and one cloth cap of the value of fifty cents, and one gun of the value of ten dollars, of the goods and chattels of one George Albert Van Buren, all in the said building, then and there being found, then and there feloniously did steal, take and carry away, against the peace of the commonwealth of Massachusetts, and contrary to the form of the statute of the said commonwealth in such case made and provided, whereupon such proceedings were had in due form of law, at the said January term of the said court, that the said George Cæsar was convicted of the offence above set forth whereof he was

indicted as aforesaid, and the said court thereupon considered, ordered and adjudged that the said George Cæsar, convicted of the offence aforesaid, be confined to hard labor in the house of correction, within the county of Berkshire aforesaid, for the term of eighteen months, and that he stand committed, according to said sentence, and the said George Cæsar was so sentenced at the said term of the said court on the tenth day of January, 1853; the said court then and there at the times aforesaid, having full power, jurisdiction and authority in the premises. And the jurors aforesaid upon their oath and affirmation aforesaid, do further present that the said George Cæsar, late of the town of Canaan in the county of Columbia and state of New York, being the same George Cæsar who was convicted and sentenced as aforesaid of petit larceny, after the said conviction and sentence and after having been discharged from the said conviction and sentence, to wit, on the 27th day of December, 1854, at the town of Canaan, in the county of Columbia and state of New York, with force and arms three cotton shirts of the value of fifty cents each, one skirt of the value of one dollar and fifty cents, one table cloth of the value of fifty cents, six pillow cases of the value of twenty-five cents, the goods, chattels and property of Alonzo Lockwood, then and there being found, did then and there feloniously steal, take and carry away against the form of the statute in such case made and provided, and against the peace of the people of the state of New York, and their dignity.

WILLIAM A. PORTER,
District Attorney.

To this indictment the prisoner pleaded *guilty.* In deciding upon the punishment to be inflicted, it became necessary to determine whether the case came within the 9th section of 2 R. S. 699, by which, on conviction of petit larceny, after a former conviction for a like offence, a person must be sentenced to imprisonment in the state prison, or whether the prisoner could only be punished for simple petit larceny, under § 1 of 2 R. S 690.

The People. *v.* Cæsar.

After taking time to examine the question, the presiding judge delivered the following opinion:  .

PARKER, J.—Before passing sentence in this case, it is necessary to decide whether the prisoner can be punished for petit larceny as a *second offence,* where the first larceny was committed and the first conviction took place in the state of Massachusetts.

The statute, under which the prisoner is indicted, is expressed in very general language, and is not, in terms, confined to a first conviction in this state. (2 *R. S.* 699, § 9.) It provides that every person having been convicted of petit larceny, &c., who shall be subsequently convicted of petit larceny, &c., shall be sentenced to imprisonment in the state prison for a term not exceeding five years. Although this expression is broad enough to apply to cases where the first conviction took place in another state, yet I think no such meaning was intended by the legislature. Crimes are local. We have no cognizance of crimes committed in another state or country. Each state exercises exclusive jurisdiction over all cases of crime committed within its limits. In this respect the different states of the union stand in the same relation to each other as foreign states. (*Com. v. Green,* 17 *Mass. R.* 514; *Clark's Lessee* v. *Hall,* 2 *Harris & Mc-Hen.* 378; *Cole's Lessees* v. *Cole,* 1 *Harris & John.* 378; 3 *Hawks Rep.* 393; *Com.* v. *Knapp,* 9 *Pick. R.* 496, 512; 2 *Cow & Hill's Notes,* 890.) And the better opinion, as drawn from these cases, seems to be that a conviction in one state of an infamous crime, does not render the person convicted incompetent as a witness in another state, but goes only to his credibility.

The penal statutes of each state, therefore, must be construed as being applicable only to offences committed within its own borders, unless it appear affirmatively that the intention was otherwise.

In regard to felonies, there is an express provision, but none applicable to the lesser offences. Section 10 of the statute above cited provides that every person who shall have been convicted in any of the United States, or in any district or ter-

ritory thereof, or in any foreign country, of an offence, which, if committed within this state, would be punishable by the laws of this state by imprisonment in a state prison, shall, upon conviction for any subsequent offence committed within this state, be subject to the punishment herein prescribed upon subsequent convictions, in the same manner and to the same extent as if such first conviction had taken place in a court of this state. The adoption of this express provision is satisfactory evidence of its necessity; and its history shows that it was never supposed that increased punishment could be inflicted in such cases, without it. The first special legislation on this subject took place in 1823, (*Sess. Laws*, of 1823, *p.* 179, § 6,) and that was only applicable to cases where the first offence, being a felony, took place in some one of the United States. At the revision, this provision was extended to territories and to foreign countries, the revisers, who recommended such extension, saying, as a reason, " we are more exposed in this state to fugitives from Canada, than from other states." (3 *R. S 3d ed.* 834).

The legislature, without doubt, has the power to inflict an increased punishment where the first offence took place in a foreign country, as well as where it took place in our own state, not because it has, or can give to the courts any jurisdiction over offences committed in a foreign state or country, but because it has full power over the offence committed here, and may mete out such punishment as the moral delinquency of the offender may seem to require. The first offence, though committed beyond our jurisdiction, may furnish a good reason for punishing the second offence committed within it, to an extent commensurate with the guilty character of the culprit and sufficient to protect the community against further depredation.

But the legislature has thought proper to authorize an increased punishment for a second offence, when the first offence was committed in another state, only in cases where such first offence if committed here would have been deemed a felony under our Revised Statutes, that is to say, an offence punishable in a state prison; and the first offence in this case not having

been of that grade, no punishment can be inflicted for the petit larceny committed here beyond what belongs to a first conviction. The prisoner will therefore be punished for simple petit larceny.

The prisoner was then sentenced to imprisonment at hard labor in the county jail for six months, with a view to his removal, under the statute, to the Albany penitentiary.