THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN E. PARDEE, Defendant.

County Court, Westchester County, July 21, 1952.

*Dominic J. Capeci* for defendant.

*George M. Fanelli, District Attorney* (*John J. O'Brien* of counsel), for plaintiff.

BRENNAN, J. The defendant applies for an order dismissing the indictment herein upon the ground that the facts stated therein are insufficient to constitute the crime with which he is charged. The indictment charges the defendant with the crime of "Feloniously operating a motor vehicle while in an intoxicated condition after having been convicted of operating a motor vehicle while under the influence of intoxicating liquor", and alleges, in substance, that in 1943, the defendant was convicted in the State of Connecticut of the crime of operating a motor vehicle while under the influence of intoxicating liquor, and further, that in 1950, in this State, the defendant feloniously operated a motor vehicle while in an intoxicated condition.

That part of subdivision 5 of section 70 of the Vehicle and Traffic Law of this State which is pertinent, provides as follows: "Whoever operates a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a misdemeanor. Whoever operates a motor vehicle or motor cycle while in an intoxicated condition after having been convicted of operating a motor vehicle or motor cycle while in an intoxicated condition shall be guilty of a felony". The primary and critical question presented is whether a felony indictment under the last sentence of the quoted statute can be based upon a prior conviction in the State of Connecticut for operating a motor vehicle while under the influence of intoxicating liquor. This question appears to be interesting and novel, for able counsel and this court, after careful research, have been unable to find any decision directly in point.

The statute in question, being penal in character, must be strictly construed (*People* v. *Strauss,* 260 App. Div. 880) and its scope is not susceptible to limitation or extension by judicial

interpretation to cover a case not clearly within the expressed legislative intent. (*People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540, 544; *Matter of Donegan,* 282 N. Y. 285, 292.) So too, our highest court has held that " A statute must be construed and applied as it is written by the Legislature, not as some judges may believe it should have been written." (*People* v. *Olah,* 300 N. Y. 96, 102.)

It is to be noted that in the last sentence of the quoted statute, the prior conviction therein provided for (" operating a motor vehicle or motor cycle while in an intoxicated condition ") is couched in the same phraseology as is contained in the first sentence of said statute wherein the violation, when committed in this State, is defined as a misdemeanor. Nowhere in this statute does it appear that the prior conviction may be one which occurred in any other State. In fact, the Legislature has seen fit to omit from the quoted statute all of the following phrases which are respectively employed in various portions of section 71 of the Vehicle and Traffic Law to indicate an intent and purpose that the particular offense or act (referred to in the respective part or portion of said § 71) when committed in another State shall result in a penalty or forfeiture in our State: " whether the conviction was had in this state or elsewhere " — appearing in paragraph (a) of subdivision 2 of said section 71; " an offense consisting of operating a motor vehicle or motor cycle while under the influence of intoxicating liquor where the conviction was had outside this state " — appearing in paragraph (b) of subdivision 2 of said section 71; and " in this state or in another state or jurisdiction " — appearing in paragraph (h) of subdivision 3 of said section 71.

The rule is well settled that in the absence of express statute, conviction under the laws of another State can have no effect by way of penalty beyond the limits of the State in which the judgment is rendered. (*Logan* v. *United States,* 144 U. S. 263; *People* v. *Gutterson,* 244 N. Y. 243, 248.) It has also been held that the penal statutes of each State must be construed as being applicable only to offenses committed within its own borders, unless it appear affirmatively that the intention was otherwise. (*People* v. *Caesar,* 1 Parker Cr. Rep. 645, 647.) With respect to the quoted statute in question, it is clear that it does not affirmatively appear that it was the intention of the Legislature that the prior conviction therein referred to be one other than a conviction which occurred in this State. Unless the statute otherwise commands, our courts should not decree forfeitures or penalties here because of violations of the criminal laws of

another State (*People ex rel. Marks* v. *Brophy,* 293 N. Y. 469, 474) but we should give to the statute " that construction which operates in favor of life or liberty ". (*Commonwealth* v. *Martin,* 17 Mass. 359, 362.) If the quoted statute be intended to prescribe a penalty by reason of a prior conviction in another State, that end should be accomplished by an act of the Legislature expressing such an intent and not by judicial interpretation.

On this application, an additional question has been argued, i.e., whether, by reason of the definition (of operating a motor vehicle while under the influence of intoxicating liquor) contained in the case of *State* v. *Andrews* (108 Conn. 209) and the definition (of operating a motor vehicle while in an intoxicated condition) contained in *People* v. *Weaver* (188 App. Div. 395), the offense of operating " a motor vehicle while under the influence of intoxicating liquor ", as prohibited by the Connecticut statute, is synonymous with our statute prohibiting the operation of " a motor vehicle while in an intoxicated condition ". In this connection, it may be stated that if the last sentence of our statute (Vehicle and Traffic Law, § 70, subd. 5) quoted in the forepart of this opinion, had provided that the basis for a felony would be a prior conviction for operating a motor vehicle or motor cycle while in an intoxicated condition in this State *or in any other State or jurisdiction,* then this question would merit serious consideration. (Cf. *Matter of Cashion* v. *Harnett,* 234 App. Div. 332.) However, since the above-emphasized matter, in words or in substance, does not exist in our statute and, as hereinabove held, may not be supplied, this court is of the opinion that a determination of the aforesaid additional question is not required.

Accordingly, the application is granted and the indictment is dismissed. Settle order on notice.