Alphonso M. La Pera, J.
The defendant was arrested on November 6, 1973 and charged with violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, operating a motor vehicle while under the influence of alcohol. On April 17, 1974 the Grand Jury of Nassau County handed up a two-count indictment charging the defendant ¡with the crime for which he was arrested as a felony. An information was filed by the District Attorney pursuant to CPL 200.60 (subd. 2) accusing the defendant of having been previously convicted of operating a motor vehicle while intoxicated, as a felony, in that on May 18, 1972 the defendant was convicted upon his plea of guilty of the crime of violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, and upon which conviction he was sentenced on the 10th day of October, 1972. In addition to filing the aforesaid information, a “ Statement of District Attorney ” dated April 18, 1974 was filed by the prosecutor’s office. With the advent of the Laws of 1973 and the concept of increased punishment of second felony offenders under section 70.06 of the Penal Law, the District Attorney of Nassau County initiated the practice of filing a “ Statement of District Attorney ” in which form he advises the court of any prior felony convictions of a defendant, thus putting the court on notice that the application of second felony offender treatment is mandated.
The defendant admitted his prior conviction and on July 8, 1974 he pleaded guilty to the first count of .the indictment in satisfaction of the indictment. On October 18,1974, defendant moved to dismiss the information filed pursuant to CPL 200.60 (subd. 2) on the ground that defendant’s prior 1972 conviction was not a predicate felony as defined in section 70.06 of the Penal Law mandating a sentence of imprisonment for second felony offenders. Upon the request of the defendant the motion was adjourned to November 15, 1974 at which time defendant made a second motion requesting the same relief but upon different grounds. The defendant now argues by way of this later motion that his conviction under this indictment is not such a felony *800 conviction mandating a sentence of imprisonment. Both motions were submitted to this court on November 15 at which time the court reserved decision.
Section 70.06 of the Penal Law:
“ 1. Definition of second felony offender.
“ (a) A second felony offender is a person who stands convicted of a felony defined in this chapter, other than a class A felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision.
“ (ib) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:
“ (i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized irrespective of whether such sentence was imposed ’ ’.
Defendant’s 1972 conviction for driving while intoxicated as a felony falls within the statutory definition of a predicate felony.
“ Felony ” is defined in subdivision 5 of section 10.00 of the Penal Law and “ means an offense for which a sentence to a term of imprisonment in excess of one year may be imposed.” And “ ‘ Offense ’ means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state ”. (Penal Law, § 10.00, subd. 1; italics supplied.)
Section 1192 of the Vehicle and Traffic Law provides that a person who operates a motor vehicle while under the influence of alcohol, who has been previously convicted of that crime within the preceding 10 years, shall be guilty of a felony. It appears that the offense which the defendant pleaded guilty to on May 18, 1972 was a felony within the terms and definitions of the Penal Law, and as such is a predicate felony as defined under section 70.06 of the Penal Law.
The threshold question presented here is whether the court must sentence a defendant, who is currently convicted of operating a motor vehicle while under the influence of alcohol as a felony and who was previously subjected to a felony conviction, as a second felony offender or a first felony offender. The question raised apparently is one of first impression and this court is reluctant to apply an expansive reading to the mandatory recividist sentencing provisions of the Penal Law.
*801 The crime for which this defendant stands convicted is defined by chapter 71 of the Consolidated Laws, to wit, the Vehicle and Traffic Law and is one of the few felonies that are not enumerated in the Penal Law. The Consolidated Laws of the State of New York are divided into numerous numbered chapters, the Penal Law constituting chapter 40 thereof.
The first section of the first article of the Penal Law states: “ § 1.00 Short title. This chapter shall be known as the ‘ Penal Law ’ ”, thus bestowing a name upon the body of law incorporated as a chapter of the Consolidated Laws. This section read together with section 70.06 leads to the conclusion that the Legislature intended increased punishment in reeividist behavior of criminals convicted of perpetrating those crimes denoted and defined as felonies within the body of the Penal Law.
Since the Penal Law in defining a second felony offender refers exclusively to “ a person who stands convicted of a felony defined in this chapter ” (Penal Law, § 70.06, subd. 1, par. [a]), and since the crime of operating a motor vehicle while under the influence of alcohol is not defined in the Penal Law but rather by the Vehicle and Traffic Law, this court is satisfied that the defendant need not be subjected to second felony offender treatment.