OPINION OF THE COURT
Michael W. Duskas, J.
Defendant was convicted on December 8, 1978, of burglary in the third degree (Penal Law, § 140.20) upon his plea of guilty to the first count of Indictment 78-128, and is to be sentenced January 3, 1979. The District Attorney upon the *555 entry of the plea filed a statement (CPL 400.21, subd 2) wherein it is alleged that the defendant had been convicted in the St. Lawrence County Court on July 31, 1975, of driving while intoxicated, as a felony (Vehicle and Traffic Law, § 1192, subds 3, 5) and sentenced on September 8, 1975, to an indeterminate term of imprisonment. The People thereby assert that defendant has a predicate felony conviction (Penal Law, § 70.06, subd 1, par [a]) and must be sentenced as a second felony offender upon the burglary conviction entered December 8, 1978 (Penal Law, § 70.06, subd 2).
Upon the preliminary examination (CPL 400.21, subd 3) the defendant admitted the prior conviction, failed to controvert the allegations contained in the statement, but contested the claim that the prior conviction for driving while intoxicated, as a felony, constituted a predicate felony conviction. Counsel for defendant through a notice of motion and attorney’s affidavit made December 15, 1978, seeks a determination from the court that defendant is not a second felony offender. Oral arguments by counsel for the respective parties were heard on December 22, 1978, and the court renders its findings and conclusions:
Section 70.06 (subd 1, par [b], cl [i]) of the Penal Law provides the criteria for determining whether a prior conviction constitutes a predicate felony conviction: "The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed.”
The meaning of the term "felony” contained in the cited statutory provision is defined in subdivision 5 of section 10.00 of the Penal Law as "an offense for which a sentence to a term of imprisonment in excess of one year may be imposed.” It is apparent that "felony” is not limited to offenses contained in the Penal Law, but rather extends to any offense found in a chapter of our laws for which an indeterminate sentence may be imposed.
It is well settled that a person who stands convicted of driving while intoxicated, as a felony, after having previously been convicted of a Penal Law felony offense, cannot be subjected to second felony offender treatment (People v Speranza, 80 Misc 2d 798; People v Tyler, 46 AD2d 997; and People v Smith, 58 AD2d 635). Defendant contends that although he *556 was convicted of driving while intoxicated as a felony followed by a conviction of burglary, he should not be treated as a second felony offender, since if the order of the convictions were reversed he could not be sentenced as a second felony offender.
The argument of defendant may initially be viewed as one which underscores an ironic quirk in the law permitting an unequal treatment of offenders; however, further consideration of the circumstances and the applicable statutory provisions causes this court to conclude that the contention of defendant is without merit. A second felony offender is subjected to a more severe sentence not upon the basis that he has twice been convicted of felony offenses, but instead the Legislature of this State has deemed that a person convicted of a felony under the Penal Law will incur an increased sentence if he has previously been convicted of a felony. Section 70.06 of the Penal Law may in this sense be considered a statutory warning to the potential offender. The Legislature in enacting the provisions of section 70.06 of the Penal Law clearly limited the term "second felony offender” as defined in paragraph (a) of subdivision 1 therein to "a person who stands convicted of a felony defined in this chapter” (emphasis added), and if the Legislature had the intent to restrict the meaning of "predicate felony conviction” it could have specifically excepted from the provisions of section 70.06 (subd 1, par [b], cl [i]) of the Penal Law a felony conviction for driving while intoxicated and other felonies proscribed by chapters other than the Penal Law.
In Dillard v La Vallee (559 F2d 873) the petitioner had been convicted of a felony driving while intoxicated and subsequently of robbery. The petitioner challenged the constitutionality of section 70.06 of the Penal Law under which provisions he had been sentenced. The court held that such treatment of second felony offenders was not a violation of the equal protection clause of the Fourteenth Amendment. Unfortunately, it appears that the court did not address in its reported decision the specific issue presented by the instant case.
There is a dearth of case law regarding the issue raised by defendant herein, but the conclusion of this court to a degree rests upon the reasoning of the courts reported in People v Pardee (202 Misc 238, affd 282 App Div 735, affd 306 NY 660). The defendant therein was indicted for driving while intoxicated, as a felony, the underlying conviction for driving while *557 intoxicated having been obtained by the State of Connecticut. Under the statute as it then existed (former Vehicle and Traffic Law, § 70, subd 5) a person was guilty of felony driving while intoxicated if convicted "after having been convicted of operating a motor vehicle or motor cycle while in an intoxicated condition”. The indictment was dismissed upon the grounds that prior convictions must have been in New York. The courts in People v Pardee (202 Misc 238, 240, supra) reasoned that the pental nature of the provisions of the Vehicle and Traffic Law required a strict construction of section 70, and pointedly observed that the particular statutory provision omitted terms such as "outside the State” or "in this State or in another State or jurisdiction”. Applying the Pardee decision to the extent applicable to the situation presented in these proceedings, it is found that section 70.06 of the Penal Law specifically defines the meaning of "second felony offender” and "predicate felony conviction”, and after considering as well the definition of "felony” contained in subdivision 5 of section 10.00 of the Penal Law, there can be no doubt regarding the application of such provisions in the present case.
This court concludes that the defendant, Gary R. Mashaw, is a second felony offender (Penal Law, § 70.06, subd 1, par [a]) and that the sentence to be imposed shall be in accordance with the provisions of subdivision 2 of section 70.06 of the Penal Law.