OPINION OF THE COURT
Anthony F. Bonadio, J.
The question presented by defendant’s pretrial motion to dismiss two counts of this indictment (CPL 210.20) is whether a 33-year-old case, People v Pardee (202 Misc 238, affd 282 App Div 735, affd 306 NY 660) — in which the courts of this State held that, under Vehicle and Traffic Law former § 70 (now § 1192), an out-of-State conviction of driving under the influence of alcohol could not be used as the basis for a driving while intoxicated (DWI) felony indictment in New York — remains . the law in this State, or whether the subsequent repeal of section 70 and the enactment and recodification of, and numerous amendments to section 1192, have eroded its vitality. We hold that People v Pardee (supra) remains the law in New York, and that only a prior in-State conviction under section 1192 may be deemed a prior conviction for the enhancement of penalty provisions of section 1192 (5).[1]
*328 As the trial court remarked in Pardee (supra) with respect to former section 70, and which we observe with respect to section 1192:
(1) the statute, being penal in nature, should be strictly construed;
(2) it “is well settled that in the absence of express statute, conviction under the laws of another State can have no effect by way of penalty beyond the limits of the State in which the judgment is rendered (Logan v. United States, 144 U.S. 263; People v. Gutterson, 244 N.Y. 243 248.)” (202 Misc, at p 240; emphasis added). (See also, People v Charles, 1 NY 180, 184; CPL 20.20; ALI Model Penal Code § 1.03 [1] [f]; Callaghan, Criminal Law in New York § 1.06 [3d ed]; Callaghan, Criminal Procedure in New York, pt I, § 1.05 [3d ed].)
(3) where the Legislature intended to impose a punishment, penalty or forfeiture in this Sate for acts committed elsewhere, it has expressly stated its intention (see, Penal Law § 70.04 [1] [b] [i]; § 70.06 [1] [b] [i]; [2] § 70.10 [1] [b]; CPL 400.14 [1] [b] [i] [L 1984, ch 673, eff Nov. 1,1984]; Vehicle and Traffic Law § 510 [2] [a] [i]-[iii]; [3] [h]; § 530 [2]; People v Mashaw, 97 Misc 2d 554; compare, Cal Vehicle Code § 23210).[3]
The Legislature, presumptively aware of the Court of Appeals affirmance in Pardee (supra), sought to amend former section 70 to expressly provide that an out-of-State conviction could be deemed a predicate conviction (see, 1954 NY Legis Rec and Index, Sen Intro Bill No. 1623; 1955 NY Legis Rec and Index, Sen Intro Bill No. 2357). These attempts proved unsuccessful. Section 1192 resembles former section 70 in that it too fails to expressly provide that out-of-State convictions may be deemed *329 predicate convictions, and we think that this omission must be deemed intentional, and not the result of mere legislative oversight (People v Mashaw, 97 Misc 2d 554, 556-557, supra; cf. King and Tipperman, The Offense of Driving While Intoxicated: The Development of Statutory and Case Law in New York, 3 Hofstra L Rev 541, 547, n 21 [1975]).
This conclusion is supported by a comparison of section 1192 with other sections of the Vehicle and Traffic Law in which the Legislature has expressly authorized the revocation or suspension of one’s driver’s license, driving privileges or certificate of registration for out-of-State convictions involving the use of motor vehicles, including alcohol-related matters (see, Vehicle and Traffic Law § 510 [2] [a] [i]-[iii];[4] [d]; [3] [h]; §§ 219, 516 [Interstate Driver License Compact],[5] 530 [2]; cf. New York Times, Jan. 27, 1985, p 29, col 1 [Liability for Drunken Driving Is Broadened by Jersey Court]). Indeed, two of the four counts of this indictment charge the defendant with driving while his license was suspended as a result of the prior California conviction for driving under the influence.
We recognize that courts should strive to give meaning and effect to all parts of a statute, and that our decision renders superfluous that portion of section 1192 (5) which makes it a felony to operate a motor vehicle in violation of subdivisions two or three of section 1192 within 10 years “after having been convicted of * * * driving while intoxicated” since the same sentence also makes it a felony to operate a motor vehicle within 10 years “after having been convicted of a violation of subdivision * * * three of this section”.[6] However, a statute should be construed as of the time it takes effect (McKinney’s Cons Laws of NY, Book 1, Statutes § 93), and, when section 1192 (5) first took effect in 1971, a driver could be charged with driving while *330 intoxicated as a felony based upon a prior, New York conviction for “driving while intoxicated” under former section 1192, rather than under newly enacted subdivisions (2) and/or (3). Thus, the “or of driving while intoxicated” clause was necessary to insure that prior in-State convictions continued to count as predicate convictions (compare, Cal Vehicle Code §§ 23156, 23165, 23200).[7]
*329 “(2) Driving * * * while under the influence of intoxicating liquor” (emphasis added).
*330 Nor are we unaware of the tragic consequences of driving while intoxicated (see, People v Scott, 63 NY2d 518, 525) and recent efforts to strengthen New York’s response to this problem (see, e.g., Alcoholic Beverage Control Law § 65 [1] [L 1982, ch 159, increasing drinking age to 19];[8] Vehicle and Traffic Law § 510 [2] [a] [iii], [viii]; [b] [vi]; [c], [d], [e]; [6]; art 21 [alcohol and drug rehabilitation program]; §§ 1194, 1194-a [compulsory chemical tests]; People v Scott, 63 NY2d 518, supra [upholding constitutionality of Sheriff’s use of roadblocks for purposes of detecting and deterring DWI]). But it is for the Legislature, not this court, to authorize the use of an out-of-State conviction as a prior conviction under section 1192 (5).
The motion to dismiss is granted to the extent of dismissing counts 1 and 2 of the indictment:
(a) with leave granted to the People to resubmit the matter to another Grand Jury for prosecution as misdemeanors under Vehicle and Traffic Law § 1192 (2) and (3) (CPL 210.20 [4]; 210.45 [9]; People v Pardee, 306 NY 660, supra); or
(b) without prejudice to the People’s commencement of a new criminal prosecution on proper papers not inconsistent herewith (see, CPL 1.20 [3-a], [5] [b]; [6]; 210.45 [9] [b]).
The motion is denied with rpspect to counts 3 and 4. Bail is continued (CPL 210.45 [9]).

. We assume, for purposes of this motion, that the defendant’s prior conviction under California Vehicle Code § 23152 (a) (driving under the influence of alcohol) constitutes a prior conviction of “driving while intoxicated” (but cf. Vehicle and Traffic Law § 510 [2] [a] [iii]). In view of our decision, we need not reach that issue (cf. People v Pardee, 202 Misc 238, 241; Cal Vehicle Code §§23152, 23153 and 23155; Byrd v Municipal Ct., 125 Cal App 3d 1054, 178 Cal Rptr 480).
See also, People v Butler (96 AD2d 140,142), in which the court suggests that *328 an individual can be indicted for a felony under section 1192 only after he has been convicted of a misdemeanor under that section.

. Penal Law § 70.06 defines a second felony offender. Subdivision (1) (b) (i) provides that:
“(b) For the purpose of determining whether a prior conviction is a predicate felony conviction the following criteria shall apply:
“(i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense” (emphasis added).
Similar language is found in Penal Law §§ 70.04 and 70.10, which provide for the sentencing of second and persistent violent felony offenders, respectively, and in recently enacted CPL 400.14, which deals with “second crime offenders”.

. California Vehicle Code §23210 provides that: “A conviction of an offense in any state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or the Dominion of Canada which, if committed in this state, would be a violation of Section 23152 or 23153, is a conviction of Section 23152 or 23153 for the purposes of this code.”

. Vehicle and Traffic Law § 510 (2) (a) (iii) mandates the revocation of a driver’s license (and permits the revocation of a certificate of registration) for a conviction of “an offense consisting of operating a motor vehicle while under the influence of intoxicating liquor or drugs where the conviction was had outside this state.”

. Article IV (“Effect of Conviction”) of the compact provides, in part:
(a) “The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state, in the case of convictions for * * *

. Vehicle and Traffic Law § 1192 (3) prohibits a person from operating “a motor vehicle while he is in an intoxicated condition.”

. We think the Legislature has also recognized the present redundancy in section 1192 (5) by limiting recent amendments to the Vehicle and Traffic Law to violations of section 1192 (2) and (3), without an additional reference to “driving while intoxicated” (see, Vehicle and Traffic Law § 510 [2] [a] [viii]).

. Cf. New York Times, Jan. 31,1985, p B3, col 1 (6 Northeast Governors Ask Drinking Age of 21).