■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v PHILIP A. CARUSO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered November 7, 1985, convicting him of burglary in the third degree and attempted petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review (1) so much of an order of the same court, dated October 30, 1984, as denied those branches of the defendant's omnibus motion which were to dismiss the indictment and (2) so much of an order of the same court, dated November 1, 1985, as denied his motion to set aside the verdict pursuant to CPL 330.30.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Those branches of the defendant's omninus motion which were to dismiss the indictment based upon certain alleged irregularities which occurred during the Grand Jury proceedings were properly denied. The record clearly established that the defendant was given an adequate opportunity to confer with counsel before signing a waiver of immunity, and that he availed himself of that opportunity. Thus, that waiver was effective, even though it was not formally executed in the presence of his attorney (see, CPL 190.45 [3]; People v Petgen, 92 AD2d 693). Nor is dismissal of the indictment required on the basis that the oaths given to an interpreter before the Grand Jury and a Grand Jury witness were not transcribed. The record indicates that the oaths were given, that there has been no irregularity in their administration, and that there has been no showing of possible prejudice to the defendant or impairment of the integrity of the Grand Jury process (see, CPL 210.35 [5]; People v Percy, 45 AD2d 284, affd 38 NY2d 806; People v Meachem, 50 AD2d 953).

Furthermore, the trial court did not abuse its discretion in allowing the prosecution to offer evidence that the defendant previously committed a crime in a similar manner to the crime for which he was being prosecuted, since that evidence was relevant on the issues of intent and absence of mistake, and its probative value outweighed its prejudicial effect (see, People v Ventimiglia, 52 NY2d 350; People v Allweiss, 48 NY2d 40; People v Short, 110 AD2d 205).

The defendant was properly adjudicated a second felony offender on the basis of, inter alia, a prior conviction for driving while intoxicated as a felony, as defined by Vehicle and Traffic Law § 1192 (5). Penal Law § 70.06 contains no

requirement that the prior conviction which constitutes the predicate felony conviction be for a felony defined in the Penal Law *(see, People v Clearwater,* 98 AD2d 912; *People v Mashaw,* 97 Misc 2d 554).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.