WR-81,360-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/26/2015 12:05:43 PM
Accepted 5/26/2015 12:47:21 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-81,360-01** |
| | § | |
| **DERRICK KEITH COOKE** | § | |

*11.07 APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NUMBER C-1-009379-08496383-A IN THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY, TEXAS; THE HONORABLE ELIZABETH BEACH, JUDGE PRESIDING.*

§ § §

**STATE'S BRIEF**

§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Assistant
Criminal District Attorney
Chief of Post-Conviction

ANDRÉA JACOBS, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 24037596

# IDENTITY OF PARTIES AND COUNSEL

For convenience of the Court, the State provides the following list of all trial and appellate counsel:

Applicant:

| | |
|---|---|
| Original Plea Proceedings | Jeffery D. Gooch<br>2315 N Main St, Ste 320<br>Fort Worth, TX 76164 |
| Adjudication Proceedings | J. Don Carter<br>3663 Airport Fwy<br>Fort Worth, TX 76111 |
| Appeal | Robert "Bob" Ford<br>Deceased |
| Post-Conviction Writ | John Stickels<br>P.O. Box 121431<br>Arlington, Texas 76012 |

Respondent:

| | |
|---|---|
| Original Plea Proceedings | Tim Curry, *District Attorney*<br>Amy Collum |
| Adjudication Proceedings | Phelesa M. Guy |
| Appeal | Kimberly C. Wesley |
| Post-Conviction Writ | Joe Shannon, Jr. *District Attorney*<br>Sharen Wilson, *District Attorney*<br>Andréa Jacobs<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

Court:

| | |
|---|---|
| Plea Proceeding | Hon. Sharen Wilson<br>Criminal District Court No. 1<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

Post-Conviction Writ

Hon. Elizabeth Beach
Criminal District Court No. 1
401 W. Belknap
Fort Worth, Texas 76196

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL . . . . i

INDEX OF AUTHORITIES . . . . . . . v

STATEMENT OF THE CASE . . . . . . 2

RESPONSES TO REQUESTED ISSUES . . . . . 4

       WHETHER AN APPLICANT IS SUFFERING COLLATERAL CONSEQUENCES IS A JURISDICTIONAL QUESTION; THEREFORE, THE COURT SHOULD ANSWER THAT QUESTION BEFORE LOOKING TO THE MERITS OF THE CLAIM.

       APPLICANT'S APPLICATION SHOULD BE GRANTED AND HIS CONVICTION VACATED BECAUSE APPLICANT'S SENTENCE FOR A THIRD DEGREE FELONY WAS ILLEGAL.

       FAILURE TO OBJECT TO THE USE OF THE NEW MEXICO PRIOR CONVICTION FOR ENHANCEMENT IN THIS CASE DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE ISSUE WAS NOT WELL CONSIDERED AND CLEARLY DEFINED.

STATEMENT OF FACTS . . . . . . . 5

SUMMARY OF THE ARGUMENT .. . . . . 7

ARGUMENTS AND AUTHORITIES . . . . . 8

*Requested Issue 1: Whether Applicant is suffering collateral consequences given the fact that even if the present assault had not been elevated to a third degree felony, as a Class A misdemeanor, it could have elevated the assault in Applicant's Hood County case to a third degree felony.*

I.      WHETHER AN APPLICANT IS SUFFERING COLLATERAL CONSEQUENCES IS A JURISDICTIONAL QUESTION; THEREFORE, THE COURT SHOULD ANSWER THAT QUESTION BEFORE LOOKING TO THE MERITS OF THE CLAIM..    .    .    .    .    8

II.     APPLICANT'S APPLICATION SHOULD BE GRANTED AND HIS CONVICTION VACATED BECAUSE APPLICANT'S SENTENCE FOR A THIRD DEGREE FELONY WAS ILLEGAL.    .    10

*Requested Issue 2: Whether counsel was ineffective for failing to object to the New Mexico conviction.*

III.    FAILURE TO OBJECT TO THE USE OF THE NEW MEXICO PRIOR CONVICTION FOR ENHANCEMENT IN THIS CASE DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE ISSUE WAS NOT WELL CONSIDERED AND CLEARLY DEFINED. .    .    .    .    .    .    .    12

CONCLUSION AND PRAYER.    .    .    .    .    .    16

CERTIFICATE OF SERVICE. .    .    .    .    .    .    17

CERTIFICATE OF COMPLIANCE. .    .    .    .    .    18

iv

# INDEX OF AUTHORITIES

**CASES**                                                              **PAGE**

**United States Supreme Court**

*Strickland v. Washington*,
    466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   .   13, 16


**Texas Court of Criminal Appeals**

*Chiarini v. State*, 442 S.W.3d 318
    (Tex. Crim. App. 2014). .   .   .   .   .   .   10

*Ex parte Chandler*, 182 S.W.3d 350
    (Tex. Crim. App. 2005). .   .   .   .   .   .   14, 15

*Ex parte Cooke*, No. WR-81,360-01,
    2015 WL 831620
    (Tex. Crim. App. Feb. 25, 2015).   .   .   .   .   3

*Ex parte Graves*, 70 S.W.3d 103
    (Tex. Crim. App. 2002). .   .   .   .   .   .   8

*Ex parte Harrington*, 310 S.W.3d 452.   .   .   .   .   9

*Ex parte Parrott*, 396 S.W.3d 531
    (Tex. Crim. App. 2013). .   .   .   .   .   .   11-12

*Ex parte Pena*, 71 S.W.3d 336
    (Tex. Crim. App. 2002). .   .   .   .   .   .   11

*Ex parte Rich*, 194 S.W.3d 508
    (Tex. Crim. App. 2006). .   .   .   .   .   .   12

*Ex parte Smith*, 296 S.W.3d 78
    (Tex. Crim. App. 2009). .   .   .   .   .   .   14

*Garcia v. State*, 145 S.W.2d 180
    (Tex. Crim. App. 1940). .    .    .    .    .    13

*Hernandez v. State*, 988 S.W.2d 770
    (Tex. Crim. App. 1999). .    .    .    .    .    13

*Johnson v. State*, 691 S.W.2d 619
    (Tex. Crim. App. 1984),
    *cert. denied*, 474 U.S. 865 (1985).    .    .    .    .    13


**Lower Courts**

*Collesano v. State*, No. 01–01–00984–CR,
    2002 WL 2026055
    (Tex. App. – Houston [1[st] Dist.] Aug. 29, 2002, pet. ref'd).    15

*Cooke v. State*, No. 02-08-026-CR,
    2009 WL 3078405
    (Tex. App. – Fort Worth Sept. 21, 2009, pet. ref'd).    .    2-3

*Goodwin v. State*, 91 S.W.3d 912
(Tex. App. – Fort Worth 2002, no pet.).    .    .    .    15

*Mitchell v. State*, 821 S.W.2d 420
    (Tex. App. – Austin 1991, pet. ref'd). .    .    .    .    10, 14

*State v. Cagle*, 77 S.W.3d 344
    (Tex. App. – Houston [14[th] Dist.] 2002, pet. ref'd). .    .    15


**Out-of-State Cases**

*Goulder v. Ariz. Dept. of Trans., Motor Vehicle Div.*,
    877 P.2d 280 (Ariz. 1994).    .    .    .    .    10-11


*People v. Gagne*, 485 N.Y.S.2d 938
    (N.Y. Co. Ct. 1985).    .    .    .    .    .    10-11

*State v. Nelson*, 910 P.2d 935
       (N.M. Ct. App. 1996).   .       .       .       .       .       .       10-11

**CONSTITUTIONAL PROVISIONS, STATUTES, RULES**

Tex. Code Crim. Proc. art. 11.07. .   .       .       .       .       .       9

Tex. Code Crim. Proc. art. 11.07, §3(c). .   .       .       .       .       9

Tex. Penal Code §22.01(b). .   .       .       .       .       .       11

Tex. Penal Code §22.01(b)(2). .   .       .       .       .       .       10, 11

Tex. Penal Code §12.21(2).   .       .       .       .       .       .       12

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-81,360-01** |
| | § | |
| | § | |
| **DERRICK KEITH COOKE** | § | |

*11.07 APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NUMBER C-1-009379-08496383-A IN THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY, TEXAS; THE HONORABLE ELIZABETH BEACH, JUDGE PRESIDING.*

TO THE HONORABLE JUDGES OF SAID COURT:

**COMES NOW, THE STATE OF TEXAS** ("State"), Respondent, by and through her Tarrant County Criminal District Attorney's Office, files this State's Brief pursuant to the Court of Criminal Appeals' Order dated February 25, 2015, and in support shows the following:

1

## STATEMENT OF THE CASE

*Nature of the case.* The proceeding is an article 11.07 application for writ of habeas corpus.

*Course of Proceedings/Trial Court Disposition.* On October 31, 2002, **DERRICK KEITH COOKE** ("Applicant") pled guilty, pursuant to a plea bargain agreement, to the third degree felony offense of assault causing bodily injury to a family member – prior conviction. *See* Unadjudicated Judgment of Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence ("Unadjudicated Judgment"), No. 0849683D, p. 1; Written Plea Admonishments ("Admonishments"), No. 0849683D, p. 1. In accordance with the plea agreement, the trial court placed Applicant on deferred adjudication for a period of five years. *See* Unadjudicated Judgment, p. 1; Admonishments, p. 1.

Applicant did not appeal his placement on deferred adjudication. *See* Criminal Docketing Statement, No. 0849683D.

On January 3, 2008, the trial court found Applicant had violated the terms of his deferred adjudication, to-wit: committed a new assault causing bodily injury on a family member; adjudicated Applicant guilty; and sentenced him to three years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Judgment Adjudicating Guilt ("Judgment"), No. 0849683D.

Applicant's conviction was affirmed on appeal on September 21, 2009. *See*

2

*Cooke v. State*, No. 02-08-026-CR, 2009 WL 3078405 (Tex. App. – Fort Worth Sept. 21, 2009, pet. ref'd) (not designated for publication).

Applicant filed his application for writ of habeas corpus on July 11, 2011. *See* Application, p. 1. On February 25, 2015, this Court ordered briefing be done on Applicant's claims. *See Ex parte Derrick Keith Cooke*, No. WR-81,360-01, 2015 WL 831620 (Tex. Crim. App. Feb. 25, 2015) (not designated for publication).

**RESPONSES TO REQUESTED ISSUES**

WHETHER AN APPLICANT IS SUFFERING COLLATERAL CONSEQUENCES IS A JURISDICTIONAL QUESTION; THEREFORE, THE COURT SHOULD ANSWER THAT QUESTION BEFORE LOOKING TO THE MERITS OF THE CLAIM.

APPLICANT'S APPLICATION SHOULD BE GRANTED AND HIS CONVICTION VACATED BECAUSE APPLICANT'S SENTENCE FOR A THIRD DEGREE FELONY WAS ILLEGAL.

FAILURE TO OBJECT TO THE USE OF THE NEW MEXICO PRIOR CONVICTION FOR ENHANCEMENT IN THIS CASE DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE ISSUE WAS NOT WELL CONSIDERED AND CLEARLY DEFINED.

## STATEMENT OF FACTS

On June 26, 2002, Applicant was indicted in Tarrant County for the third degree felony offense of assault causing bodily injury to a family member with one prior conviction. *See* Indictment, No. 0849683D. The offense was enhanced by Applicant's prior New Mexico conviction. *See* Indictment.

On October 31, 2002, Applicant pled guilty and judicially confessed, pursuant to a plea agreement, to the third degree felony offense of assault causing bodily injury to a family member – prior conviction in Tarrant County. *See* Unadjudicated Judgment; Admonishments, p. 1, 4. Applicant was placed on deferred adjudication for a period of five years. *See* Unadjudicated Judgment. On January 3, 2008, Applicant was adjudicated guilty and sentenced to three years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Judgment.

Applicant filed this application for writ of habeas corpus on July 11, 2011. *See* Application, p. 1.

Applicant discharged his sentenced in this Tarrant County case on March 11, 2013. *See* Valdez Affidavit, p. 2.

On August 1, 2007, Applicant was indicted in Hood County for the third degree felony offense of assault-bodily injury to a family member – enhanced occurring on June 18, 2007. *See* State's Proposed Memorandum, Findings of Fact

5

and Conclusions of Law, Attachment A: Indictment, No. CR10647 ("Hood County Indictment"). The Tarrant County offense was used to enhance the Hood County offense. *See* Hood County Indictment. On May 23, 2008, Applicant was convicted by a jury and punishment was assessed at eight years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* State's Proposed Memorandum, Findings of Fact and Conclusions of Law, Attachment B: Judgment of Conviction by Jury, No. CR10647 ("Hood County Judgment").

Applicant will discharge his sentence in his Hood County conviction on March 19, 2018. *See* Valdez Affidavit, p. 2.

Based on the Hood County conviction, the trial court in this case adopted findings of fact that

8.    Applicant is currently facing collateral consequences as a result of this [Tarrant County] conviction.

*See* State's Proposed Memorandum, Findings of Fact and Conclusions of Law, p. 3; Order, Dated May 1, 2014.

6

## SUMMARY OF THE ARGUMENT

Applicant's conviction should be **VACATED**. The inquiry into whether Applicant is suffering collateral consequences is a jurisdictional question. Therefore, the proper inquiry to determine collateral consequences should not be whether *relief* in this case would affect another case but whether this *conviction* affected another case. Since the Tarrant County conviction was used to enhance Applicant's sentence for his Hood County conviction, this Court should find that Applicant is suffering a collateral consequence because of this Tarrant County conviction. Therefore, this Court has jurisdiction to consider this application on the merits.

Applicant's Tarrant County conviction was improperly enhanced to a third degree felony by the New Mexico prior conviction when the statute required that only Texas offenses could be used. Therefore, his sentence was illegal and outside the range of punishment.

However, counsel was not ineffective in the Tarrant County case for failing to object to the use of the prior New Mexico conviction because the law at the time was not clear and well-defined. Even though the information was in the statute, there was no case law or court interpretation regarding what the statute meant. Applicant's ineffective assistance of counsel claim should be **DENIED**.

## ARGUMENTS AND AUTHORITIES

*Requested Issue 1: Whether Applicant is suffering collateral consequences given the fact that even if the present Tarrant County assault had not been elevated to a third degree felony, as a Class A misdemeanor, it could have elevated the assault in Applicant's Hood County case to a third degree felony.*

I.    WHETHER AN APPLICANT IS SUFFERING COLLATERAL CONSEQUENCES IS A JURISDICTIONAL QUESTION; THEREFORE, THE COURT SHOULD ANSWER THAT QUESTION BEFORE LOOKING TO THE MERITS OF THE CLAIM.

Whether this Tarrant County *conviction* was used to enhance the Hood County sentence or whether *relief* from this habeas proceeding would affect the Hood County conviction are two separate inquiries. But only the question of whether this Tarrant County *conviction* was used to enhance the Hood County sentence is a collateral consequence inquiry. Whether *relief* in this Tarrant County case would have any effect on the Hood County case goes to the merits of this application and any application filed in the Hood County case. A question of collateral consequences is a jurisdictional question and, therefore, should be resolved before the court addresses the merits of the claim.

> "We are mindful of the fact that we have not always addressed the threshold issue of our habeas corpus jurisdiction before addressing the merits of a given claim. We should."

*Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002).

A jurisdictional inquiry should get the applicant through the door. While it should be the first inquiry made, it also should not require too heavy a burden on

8

the applicant. Whether his application invokes this Court's jurisdiction is quite different than whether the application should be granted.

A finding that only the mere existence of Applicant's conviction, and not the possibility of any relief, is sufficient to invoke this Court's jurisdiction is consistent with the current jurisprudence on collateral consequences. In recent years, an applicant need only allege specific facts that he has suffered some adverse consequence as a result of his conviction. *Ex parte Harrington*, 310 S.W.3d 452, 457-58 (Tex. Crim. App. 2010). The Court has not required other applicants to prove that the granting of relief would eliminate that adverse consequence. *See id.*

Finally, the statute itself supports that it is the conviction and not the effect of relief that is important. Article 11.07, §3(c) states, in part:

> Confinement means confinement for any offense or any collateral consequence *resulting from the conviction* that is the basis of the instant habeas corpus.

Tex. Code Crim. Proc. art. 11.07, §3(c). Under most circumstances, receiving relief would alleviate the collateral consequences. However, nowhere in the statute did the Legislature make that a requirement. *See* Tex. Code Crim. Proc. art. 11.07. The collateral consequence should get the applicant in the door.

Therefore, the proper inquiry should not be whether Applicant's conviction as a misdemeanor would have an effect on the Hood County case but whether Applicant's conviction was used to enhance his Hood County sentence. It was.

Applicant is suffering from a collateral consequence resulting from this conviction.

II.     APPLICANT'S APPLICATION SHOULD BE GRANTED AND HIS CONVICTION VACATED BECAUSE APPLICANT'S SENTENCE FOR A THIRD DEGREE FELONY WAS ILLEGAL.

Applicant's Tarrant County assault – family violence offense was enhanced to a third degree felony based on his prior New Mexico conviction. *See* Indictment. However, an assault – family violence offense "is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

> (2) a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of *an offense* against a member of the defendant's family or household *under this section*."

Tex. Penal Code §22.01(b)(2) (West 2001) (emphasis added). "In construing a statute, we give effect to its literal text unless the meaning of the statute is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended." *Chiarini v. State*, 442 S.W.3d 318, 320 (Tex. Crim. App. 2014). There is precedent that the plain language of phrases such as "an offense under this article" prohibits the use of out-of-state offenses because those offenses are not "under this [Texas] article." *Mitchell v. State*, 821 S.W.2d 420, 422-23 (Tex. App. – Austin 1991, pet. ref'd); *see also State v. Nelson*, 910 P.2d

10

935, 940 (N.M. Ct. App. 1996) ("Applying the plain meaning of the language in light of the rule of lenity, 'under this section' does not include within its purview out-of-state convictions."); *Goulder v. Ariz. Dept. of Trans., Motor Vehicle Div.*, 877 P.2d 280, 281 (Ariz. 1994) (When a statute refers to a prior charge of violating a specific statute, a charge of violating another state's statute will not suffice.); *People v. Gagne*, 485 N.Y.S.2d 938, 939-40 (N.Y. Co. Ct. 1985) (When a statute does not expressly provide that an out-of-state conviction may be used as a predicate conviction, then an in-state conviction is required.). Therefore, because section 22.01 of the Texas Penal Code specifically required that the prior conviction be "an offense … under this section" before it could be used to elevate an assault family violence to a third degree, Applicant's out-of-state conviction could not be used as it was not "an offense … under this section." *See* Tex. Penal Code §22.01(b)(2) (West 2001). Applicant's Tarrant County offense was improperly enhanced to a third degree felony.

Because Applicant has no other prior assault convictions that could be used to enhance this Tarrant County offense to a third degree felony, Applicant should have been charged with a Class A Misdemeanor. *See* Tex. Penal Code §22.01(b) (West 2001). An illegal sentence can be challenged at any time. *Ex parte Pena*, 71 S.W.3d 336, 339 (Tex. Crim. App. 2002). "An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment

11

authorized by law is considered illegal." *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013) (citation omitted). "An individual adjudged guilty of a Class A misdemeanor shall be punished by … confinement in jail for a term not to exceed one year." Tex. Penal Code §12.21(2). Applicant's three year conviction was outside the range of punishment authorized by law. In short, Applicant's sentence was illegal. *See Ex parte Parrott*, 396 S.W.3d at 534.

When an applicant receives an illegal sentence as a result of a negotiated plea, and the sentence is outside the range of punishment, he is entitled to withdraw his plea. *See Ex parte Rich*, 194 S.W.3d 508, 515 (Tex. Crim. App. 2006). This conviction should be **VACATED** and Applicant remanded back to Tarrant County to answer the charges set out in the indictment. *Id.*

*Requested Issue 2: Whether counsel was ineffective for failing to object to the New Mexico conviction.*

III. FAILURE TO OBJECT TO THE USE OF THE NEW MEXICO PRIOR CONVICTION FOR ENHANCEMENT IN THIS CASE DID NOT CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THE ISSUE WAS NOT WELL CONSIDERED AND CLEARLY DEFINED.

Because Applicant is entitled to relief as his Tarrant County sentence was illegal, and Applicant is entitled to a new trial as a result, there is no need for this Court to determine whether he also received ineffective assistance of counsel. However, if this Court chooses to also consider this claim, the claim should fail

12

because counsel was not ineffective.

The two-prong test enunciated in *Strickland v. Washington* applies to ineffective assistance of counsel claims in non-capital cases. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999). To prevail on his claim of ineffective assistance of counsel, the applicant must show counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Support for Applicant's claim of ineffective assistance of counsel must be firmly grounded in the record. *See Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984), *cert. denied*, 474 U.S. 865 (1985). In addition, the court's evaluation of representation should be "from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. at 689.

First, it was well settled in Texas that out-of-state felonies could be used generally for enhancement. *Garcia v. State*, 145 S.W.2d 180, 180 (Tex. Crim. App. 1940) ("It is well settled that convictions of a felony in other states will support the enhancement of the penalty."). While section 22.01 of the Texas Penal Code specifically required that the prior conviction be "an offense … under this section," there was no case law addressing this issue or interpreting what "under this section" meant.

13

"[C]ounsel's performance will be measured against the state of the law in effect during the time of trial and we will not find counsel ineffective where the claimed error is based upon unsettled law." *Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) (citation omitted); *see also Ex parte Smith*, 296 S.W.3d 78, 81 (Tex. Crim. App. 2009) (counsel not ineffective because proper construction of statute was unresolved and unclear). In 1991, the Third Court of Appeals considered the DWI statute and held that it prohibited the use of out-of-state convictions to elevate a DWI to a felony because the statute only allowed "an offense under this article" to be used. *Mitchell v. State*, 821 S.W.2d at 422-23. Therefore, eleven years before Applicant's plea, a court held that language similar to the language in section 22.01 of the Texas Penal Code did not allow the use of out-of-state convictions for enhancement. However, at the time of Applicant's plea in 2002, neither the Second Court of Appeals (the typical court for Tarrant County cases) nor this Court had adopted the Third Court of Appeals' holding that a statute that allows only usage of "an offense under this article" prohibits the use of out-of-state convictions in the DWI context. There was certainly no direction regarding the application of that language in section 22.01 of the Texas Penal Code. In short, whether an out-of-state conviction could be used for enhancement under section 22.01(b)(2) of the Texas Penal Code was an unsettled proposition of law at the time of Applicant's plea.

14

Second, the focus of the case law regarding section 22.01 of the Texas Penal Code around the time of Applicant's plea was what constituted sufficient evidence to prove "family violence" when it was not included in the prior convictions' judgments. *See, e.g., Goodwin v. State*, 91 S.W.3d 912, 920 (Tex. App. – Fort Worth 2002, no pet.); *State v. Cagle*, 77 S.W.3d 344, 349 (Tex. App. – Houston [14th Dist.] 2002, pet. ref'd); *Collesano v. State*, No. 01–01–00984–CR, 2002 WL 2026055, *2 (Tex. App. – Houston [1st Dist.] Aug. 29, 2002, pet. ref'd). Therefore, the application of "an offense … under this section" to prior convictions in section 22.01 of the Texas Penal Code was not well considered or clearly defined at the time of Applicant's plea.

"[A] bar card does not come with a crystal ball attached." *Ex parte Chandler*, 182 S.W.3d at 359. Thus, "[i]gnorance of well-defined general laws, statutes and legal propositions is not excusable and such ignorance may lead to a finding of constitutionally deficient assistance of counsel, but the specific legal proposition must be 'well considered and clearly defined.'" *Id.* at 358. Because "the law is not an exact science and it may shift over time," "an attorney is not liable for an error in judgment on an unsettled proposition of law…" *Id.* Therefore, counsel did not provide constitutionally deficient assistance of counsel when he failed to object to the use of Applicant's New Mexico for enhancement under section 22.01(b)(2) of the Texas Penal Code because the law was unsettled

15

and not well considered or clearly defined.

Trial counsel's representation did not fall below an objective standard of reasonableness. The failure to satisfy one prong negates a court's need to consider the other. *Strickland v. Washington*, 466 U.S. at 694. Applicant has failed to prove that he received ineffective assistance of trial counsel.

Applicant's claim that he received ineffective assistance of counsel should be **DENIED**.

## CONCLUSION AND PRAYER

It is respectfully submitted that all things are regular, and the State prays that this Court find

a. The correct jurisdictional inquiry for determining when an applicant is suffering a collateral consequence is whether *the case* affected his punishment or conviction in another case and not whether *relief* would ultimately affect the other case;

b. Applicant is properly suffering a collateral consequence because this case was used to enhance his punishment in his Hood Count conviction;

c. Because Applicant's punishment was improperly enhanced to a third degree felony, this conviction is **VACATED** and the case remanded back to the trial court for **A NEW TRIAL**;

d. Because the issue was not well considered and clearly defined, counsel was not ineffective for failing to object to the use of Applicant's New Mexico case as a prior conviction to enhance this case; and

16

e. Applicant's claim that he received ineffective assistance of counsel is **DENIED**.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County
/s/ Andréa Jacobs_____
Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone: 817/884-1687
Facsimile: 817/884-1672

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the State's Brief was served on the 26th day of May, 2015, to Applicant's counsel, Hon. John Stickels, by electronic mail at john@stickelslaw.com and first class mail at P.O. Box 121431, Arlington, Texas 76012.

/s/ Andréa Jacobs_____
Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

The total number of words in this State's Brief, including any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of the issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and/or appendix, is **4371** words, as determined by the word count feature of Microsoft Office Word 2010.

/s/ Andréa Jacobs_____
Andréa Jacobs